375 A.2d 717
COMMONWEALTH of Pennsylvania
v.
Milton O'Neil HUMPHREY,
Appellant (four cases).

Supreme Court of Pennsylvania.

Argued Oct. 13, 1976.

Decided July 8, 1977.

Norris E. Gelman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Abraham J. Gafni, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

EAGEN, Chief Judge.

Milton O'Neil Humphrey was convicted by a jury in Philadelphia of murder of the first degree and three counts of aggravated robbery. Post-verdict motions were denied and concurrent judgments of sentence of three terms of not less than ten nor more than twenty years imprisonment and one term of life imprisonment were imposed. An appeal from the judgment of sentence imposed on the murder conviction was filed in this Court. An appeal from the judgments of sentence on the robbery convictions was filed in the Superior Court and certified to this Court.

On July 15, 1974, a petition for a remand for the purposes of filing of a petition and conducting a hearing pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1976–77), was filed. On July 18 1974, we granted the petition for remand. On August 19, 1975, a petition seeking post-conviction relief was filed in the Court of Common Pleas of Philadelphia. A hearing began on November 13, 1975, but was not concluded until March 10, 1976, because five different sessions were needed to conclude the testimony. On April 19, 1976, relief was denied. An appeal was filed in this

Court from the order denying post-conviction relief as it related to the murder conviction. An appeal from the denial of that same order as it related to the robbery convictions was filed in the Superior Court and certified here.

Humphrey has been represented by different counsel at various stages of the proceedings. Initially, Humphrey was represented by "trial counsel" who concluded his representation of Humphrey following the filing of post-verdict motions. Thereafter, new counsel, "post-verdict motions counsel," was appointed. She filed new post-verdict motions which included an allegation that trial counsel was ineffective, and, during argument on the new post-verdict motions, she requested a hearing on this issue, but the request was denied. The direct appeals to this Court from the judgments of sentence were filed by still new counsel, "appellate counsel." Appellate counsel also filed the petition for remand. On remand, Humphrey's petition for post-conviction relief was filed by still different counsel, who is also "present counsel," for Humphrey. The petition asserted that trial counsel was ineffective for numerous reasons and that post-verdict motions counsel was ineffective for failing to raise a certain issue in post-verdict motions. In any event, the issue of trial counsel's effectiveness has been raised at each stage of the proceedings since his representation of Humphrey ceased. Under the circumstances, the issue has been properly preserved for our consideration. See *Commonwealth v. Hubbard,* 472 Pa. 259, n. 5, 372 A.2d 687 n. 5 (filed January 28, 1977).

Humphrey contends that trial counsel was ineffective because:

1) he failed to object to three references by Commonwealth witnesses to the fact that Humphrey exercised his right to remain silent when arrested and advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and to one reference

to the same fact by the court in its charge to the jury and, thus he waived a claim of error based on these improper and prejudicial references;

2) he failed to object to numerous testimonial references to "mug shots" of Humphrey from which witnesses to the crime involved herein identified him;

3) he failed to (a) file a motion to suppress a letter written by Humphrey which was allegedly illegally obtained and (b) file an application for pretrial discovery pursuant to Pa.R.Crim.P. 310 in order to discover prior to trial the existence of the letter;

4) he failed to adequately familiarize himself with the law governing impeachment through the use of prior criminal convictions in advising Humphrey whether to testify in his own defense;

5) he failed to examine a medical examiner's report;

6) he was physically unable to properly prepare and try the case;

7) he failed to present an adequate defense, in that, he failed to locate witnesses to impeach the credibility of Commonweath witnesses who allegedly used prohibited drugs; and,

8) he failed to learn of the existence of and the description of the robber given by witnesses to police at or about the time of the crimes.

We need not consider all of the reasons advanced to support the argument that trial counsel was ineffective because we have concluded that the first such reason fully supports the claim and mandates reversal of the court's order and the grant of a new trial.

In *Commonwealth v. Dancer*, 460 Pa. 95, 103, 331 A.2d 435, 439 (1975), quoting from *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 352–53 (1967), we said:

" 'counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular

course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.' " [Emphasis in original.]

Furthermore,

"[t]he initial factor which must be considered in applying this reasonable basis standard is whether the claim which [trial counsel] is charged with not pursuing [by failing to enter an objection] had some reasonable basis.

* * * * * * * *

"It is only when the claim which was foregone was of arguable merit that we must make an inquiry into the basis for [trial counsel's] decision not to pursue the matter."

*Commonwealth v. Hubbard,* 472 Pa. 259, at ——, 372 A.2d 687, at 695–96 (1977).

The record fully supports Humphrey's assertion that trial counsel failed to object to three references to his silence at the time of arrest and to another reference to that silence made by the trial court during its charge to the jury. A claim that these references constituted reversible error is clearly not frivolous, see, e. g., *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972), and

"it is sufficient for purposes of [these appeals] to conclude that the omitted objection[s] to the [references were] arguably important and had a reasonable chance of succeeding."

*Commonwealth v. Hubbard,* supra at ——, 372 A.2d at 699.

Accordingly, we must examine the basis for trial counsel's failure not to pursue the claim because such a failure does not necessarily constitute ineffectiveness. *Commonwealth v. Frazier*, 455 Pa. 162, 314 A.2d 16 (1974).

> "Indeed the failure to object could have been born of a reasonable, calculated trial strategy. It is not inconceivable that defense counsel believed that a mistrial would not be granted and that he did not wish to risk calling additional attention to the [references] by way of requested cautionary instructions. Furthermore, even if it be assumed that a mistrial could have been obtained, trial counsel may have thought nonetheless . that the presentation of the defense had gone well and that, notwithstanding the [references, Humphrey] stood a good chance with the jury to whom this presentation had been made. On the other hand, it is certainly possible that the decision not to object was the product of 'sloth and unawareness.' *Commonwealth v. Twiggs* [460 Pa. 105, 331 A.2d 440 (1975)]. If such were the case, trial counsel would have been ineffective for not having raised the objection."

*Commonwealth v. Hubbard,* supra at ——, 372 A.2d at 699.

The testimony at the post-conviction hearing indicates that trial counsel's failure to object to the references was not part of a reasonable, calculated trial strategy. While in another context, trial counsel might have reasonably believed that a mistrial would not be granted if an objection were entered, (see *Commonwealth v. Maloney*, 469 Pa. 342, 365 A.2d 1237 (1976) (Plurality Opinion); but see *Commonwealth v. Wilcox*, 316 Pa. 129, 173 A. 653 (1934)) and that an objection would only tend to emphasize the importance of Humphrey's silence at the time he was warned of his constitutional rights, instantly references to Humphrey's silence occurred in four separate instances. Moreover, trial counsel, while testifying at the post-conviction hearing, did not indicate his failure to ob-

ject was part of a reasonable, calculated trial strategy; rather, he testified that he "didn't see how it hurt [Humphrey] at all." We cannot see any reasonable basis for counsel's conclusion. Moreover, trial counsel indicated that at no time during the trial did he think the presentation for the defense was going well.

The Commonwealth argues that counsel cannot be deemed ineffective for failing to enter an objection which, under the law as it then existed, would not have been successful. The Commonwealth's argument is based on the fact that our ruling in *Commonwealth v. Haideman*, supra, was not filed until after the trial of this case was concluded. Under the circumstances presented, we cannot agree for the following reasons:

1) *Commonwealth v. Haideman*, supra [Hereinafter: *Haideman II*] was indeed filed after the relevant events involved herein, and does represent the first case of binding precedent by this Court prohibiting such references to an accused's silence at the time of arrest. But in *Commonwealth v. Haideman*, 284 A.2d 757 (1971) [Hereinafter: *Haideman I*], this Court being equally divided affirmed *Commonwealth v. Haideman*, 217 Pa. Super. 708, 266 A.2d 492 (1970), which refused to reverse because of such references. However and very importantly, reargument in *Haideman I* was granted prior to the trial involved herein. Thus, were counsel aware of the state of the law in Pennsylvania, he could hardly have made an informed decision that an objection was without some reasonable basis.

2) Trial counsel did not testify at the post-conviction hearing that he failed to object to the references to Humphrey's silence because Pennsylvania law at the time allowed such testimony; rather, he stated: (a) that he did not see how such references hurt Humphrey; and, (b) that he assumed such references were the same as evidence of tacit admissions. In light of our grant of reargument in *Haideman I* and of this Court having been equally

divided in *Haideman I*, the claim was clearly of arguable merit; additionally, the harm to an accused by such references had been previously set forth in several federal court decisions. See, e. g., *United States v. Matos,* 444 F.2d 1071 (7th Cir. 1971); *United States v. Arnold,* 425 F.2d 204 (10th Cir. 1970); *Fowle v. United States,* 410 F.2d 48 (9th Cir. 1969); *Gillison v. United States,* 130 U.S.App.D.C. 215, 399 F.2d 586 (1968); *Baker v. United States,* 357 F.2d 11 (5th Cir. 1966); *Fagundes v. United States,* 340 F.2d 673 (1st Cir. 1965). Furthermore, *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 Ed.2d 106 (1965), had forbidden references to an accused's silence at trial and *Gillison v. United States,* supra, had made it clear that the difference between silence at arrest and at trial was infinitesimal.

3) Finally, the fact that counsel equated evidence of a tacit admission with the type of reference involved herein indicates the decision not to object was based on unawareness. Had counsel thought such a claim was the "same" as a claim of error based on the introduction of evidence of a tacit admission, he clearly should have objected because we forbade the use of evidence of a tacit admission as early as 1967. See *Commonwealth v. Dravecz,* 424 Pa. 582, 227 A.2d 904 (1967) (Concurring Opinion Eagen, J. (now C. J.) expressing the view of a majority of the Court).

Since Humphrey was denied effective assistance of trial counsel, a federal and state right, the order of the Court of Common Pleas denying relief is vacated, the judgments of sentence are reversed, and a new trial is granted.

Former Chief Justice JONES did not participate in the decision of this case.

POMEROY, J., filed a concurring opinion.

ROBERTS, J., concurs in the result.

POMEROY, Justice, concurring.

In *Commonwealth v. Rice,* 456 Pa. 90, 93, 318 A.2d 705, 707 (1974), our Court held that "[c]ounsel cannot be faulted for failing to assert a non-existent right." Since the basis for Humphrey's instant claim of ineffective assistance of trial counsel is the latter's failure to raise at trial the legal principle announced in *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972), a case not decided until several months after trial, it would ordinarily follow that this Court should find that the foregone claim lacked "arguable merit" at the time of trial, *Commonwealth v. Hubbard,* 472 Pa. 259, —— 372 A.2d 687, 696 (1977), thus dispensing with the need for inquiry into the reason counsel did not advance the contention. *Id.*

The factor which for me dictates a different result here, however, is that nine months prior to trial in the case at bar, our Court was called upon to decide the identical legal question which was decided in *Haideman, supra,* and divided evenly on the issue. *Commonwealth v. Haideman,* 284 A.2d 757 (1971) ("Haideman I"). I am therefore enabled to conclude that, absent adequate explanation to the contrary, a lawyer in the situation of trial counsel in this case should raise the issue, inasmuch as it possesses at least *"arguable* merit." (Emphasis added.) I cannot accept, however, the additional rationale advanced by the majority that Humphrey's trial lawyer must be held to have been aware of this Court's order granting a petition for reargument in *Haideman I* entered some five months prior to trial in this case.

For purposes of the concept of effective counsel, a derivative of the now settled holding that the right to counsel in a criminal trial is constitutionally required by the Fourteenth Amendment, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), we must expect the bar to keep fully abreast of developments in the law, whether those developments be decisional, statutory, or

rule of court. While ideally the well-prepared lawyer will make inquiry to the prothonotary of this Court as to whether reargument of another case important to him has been sought, I think it is asking too much to charge him with constructive notice of the filing and disposition of such a petition, and to hold him constitutionally ineffective for not making an argument based on the supposition that the reargument effort will be successful. Furthermore, holdings such as today's will, in my judgment, only serve to make more difficult and complex than they now are the standards for passing judgment on effective trial advocacy. Thus, while I am convinced the result the Court reaches is correct, I do not join in the opinion.