424 A.2d 536

COMMONWEALTH of Pennsylvania

v.

Frank A. RUSSO, Appellant.

Superior Court of Pennsylvania.

Argued June 10, 1980.

Decided Oct. 10, 1980.

Reargument En Banc Denied Feb. 11, 1981.

William T. Cannon, Philadelphia, for appellant.

Michele A. Goldfarb, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and CIRILLO *, JJ.

CIRILLO, Judge:

In the Philadelphia County Court of Common Pleas, the jury found the appellant, Frank A. Russo, guilty of robbery, carrying a firearm without a license, and possession of an instrument of crime. The appellant was sentenced as follows: robbery—one and a half years to four years; unlawfully carrying a firearm without a license and possession of an instrument of crime—three years probation to commence upon the expiration of the robbery sentence. It is from this judgment that this appeal was taken.

Although there are several issues raised on appeal, the sole question to be determined is whether the appellant must be awarded a new trial where trial counsel failed to object when the prosecutor challenged the appellant, in front of the jury, to take the witness stand where the appellant did not subsequently testify. The appellant maintains that trial counsel's failure to object, move to strike, or move for a mistrial, amounted to ineffective assistance of counsel.

■ Testimonial reference to an accused's silence is an impermissible violation of the appellant's Fifth Amendment right under the Constitution of the United States. The

---

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

United States Supreme Court has held that the Fifth Amendment forbids comment by either the prosecutor or the court on the accused's failure to testify on his own behalf. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

The Pennsylvania courts have held that the District Attorney has no justifiable excuse for calling the jury's attention to the matter of a defendant's election not to testify. *Commonwealth v. Miller*, 205 Pa.Super. 297, 208 A.2d 867 (1965). In addition, the Pennsylvania Statutory Anti–Comment Rule, Act of May 23, 1887, P.L. 158, § 10, 19 P.S. § 631, has been interpreted by the Pennsylvania Supreme Court to mean that a comment by a district attorney or a trial judge which indicated a duty on the part of the criminal defendant to testify, and which permits an unfavorable inference to guilt to be drawn therefrom by the jury, is violative of the statute. *Commonwealth v. Henderson*, 456 Pa. 234, 317 A.2d 288 (1974); *Commonwealth v. Allen*, 445 Pa. 156, 281 A.2d 634 (1971).

■ The standard for determining whether or not the assistance rendered by counsel is effective was set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The court stated:

[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest.

■ In the instant case, as in *Commonwealth v. Humphrey*, 473 Pa. 533, 375 A.2d 717 (1977), defense counsel's failure to object had little potential for negating the prejudicial harm caused by the prosecutor's comment. It is clear that since counsel's inaction did nothing to effectuate his client's interest, it can in no way be said to have any reasonable basis as a well–calculated defense tactic.

Also, it cannot be maintained that this constituted mere harmless error, as articulated in *Chapman v. California*, 386

U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The clear inference of guilt from the prosecutor's comment coupled with the fact that there were reasonable grounds for the appellant's acquittal, such as the existence of an alibi and equivocal identification of the defendant, preclude this court from finding this error harmless. *Commonwealth v. Camm*, 443 Pa. 253, 277 A.2d 325 (1971), *cert. denied*, 405 U.S. 1046, 92 S.Ct. 1320, 31 L.Ed.2d 589 (1972).

It is the judgment of the court that trial counsel did not render effective assistance and, therefore, a new trial must be granted. Reversed and Remanded for New Trial.