619 A.2d 1080

**COMMONWEALTH of Pennsylvania**

v.

**Joseph RHONE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1992.

Filed Jan. 27, 1993.

522

Norris E. Gelman, Philadelphia, for appellant.

Marilyn F. Murray, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, BECK and BROSKY, JJ.

BECK, Judge:

We decide, *inter alia*, whether the district attorney's closing statement alluding to appellant's failure to testify constituted prosecutorial misconduct. We find it did not. Because we find no merit in any of appellant's challenges, we affirm the judgment of sentence.

Appellant was sentenced to life in prison for first degree murder, five to ten years for conspiracy, and two and one half to five years for possession of an instrument of crime. The case against appellant was based entirely on circumstantial evidence.

On November 5, 1975, Herschel Williams, also known as the Jolly Green Giant, was shot to death as he entered his car with his two young children in front of their home. Very shortly after the shooting, appellant and two other men were arrested for Williams' murder. After a suppression hearing in which the court ruled that some of appellant's statements to police would be admissible at trial, appellant failed to appear for trial. After nearly thirteen years of attempting to locate appellant, police discovered him in Philadelphia and he was brought to trial in 1991.

Several civilian and police witnesses testified for the Commonwealth. The civilian witnesses established that on the day of the murder, three men in a green cadillac were present on the street where Williams lived. Two of the men wore brown hats; one of the hats was identified as a brown jeff cap. The two men who wore hats left the car and were seen approaching Williams from opposite sides of the street, whereupon they shot him repeatedly. None of the witnesses was able positively to identify appellant as one of the shooters. Within minutes of the shooting, a call went over police radio describing the vehicle involved in the shooting. Police stopped a car matching the description and arrested its occupants, including appellant. At the time of his arrest, appellant was wearing a brown jeff cap. In addition to testimony regarding the events on the day of the shooting, the Commonwealth offered police testimo-

ny that appellant had been seen the day before, in the same green cadillac, driving behind the victim's car.

At the time of his arrest, appellant acknowledged in a statement to police that he was present at the scene of the shooting, but claimed to have been in the car the entire time. He stated that he heard the gunshots but did not witness Williams' murder. When apprehended thirteen years later in his daughter's home, appellant reached for a loaded gun on the mantle in response to the forced entry of police into the home. Appellant did not testify at trial.

Appellant's first allegation of error is that in his closing, the prosecutor improperly referred to appellant's failure to testify at trial, and that such reference constitutes reversible error. The prosecutor's comments must be placed in context. In his summation to the jury, the defense attorney made remarks which are pertinent to appellant's claim of error. Therefore, a review of defense counsel's closing statements, as well as those of the prosecutor, is necessary. Referring to inconsistencies in two statements of appellant admitted at trial, defense counsel, Norris Gelman, stated:

Now, Mr. Rhone gives this statement and he waives his right to a lawyer, says I don't want to remain silent, I will talk to you. And he talks. Now, admittedly the second statement to [Detective] Stephans is inconsistent with the first statement to [Detective] Muldoon. Not so bad. He didn't trust him. Muldoon was much brighter than he was, he didn't really approach him properly. Plus people lie when they are in police custody and told we are talking to you about the murder of the Jolly Green Giant. People don't want to talk about their friends, people don't want to talk about who got out of the car. It's very natural. That's a natural reaction.

At the end of his summation, defense counsel Gelman made the following statement:

I can do no more. We trust juries to keep us safe. You have to be sure before you can convict a person of murder. It is as Mr. Casey [assistant district attorney] says the most serious crime. My client pled not guilty, he meant it. He

meant it. This evidence, ensconced in this evidence is not just a reasonable doubt—one reasonable doubt is enough not to convict—but several.

When the assistant district attorney, Mr. Casey, delivered his closing to the jury, he made the following statements:

I of course have a closing that I prepared. We don't just wander in off the street and talk to you. But before I go into the the closing I have prepared, the defense attorney said several things that I want to address immediately before going into a prepared closing.

*　　*　　*　　*　　*　　*

A couple of other things the defense attorney said is that the Defendant pled not guilty and he meant it. I don't know if he meant it or not. He pled not guilty. If he hadn't pled not guilty you would not be here. Saying you are not guilty is the way you get this case to trial; that's what it means, it is not testimony under oath. I can't cross-examine him, I could say, hey, pal, you pled not guilty, tell me about this gun that you reached for on the mantle, what do you think about that, were you trying to continue your flight. I can't do that and you can't hold it against the Defendant—

Mr. Gelman: Objected to. That is objected to.

The Court: Let him finish what he was saying.

Mr. Casey: You can't hold it against the Defendant that he didn't testify. But, but keep in mind that he did not testify, it is the defense attorney who has said these things. The defense attorney, not the Defendant. Because you have seen cross-examination—

Mr. Gelman: That is objected to again, Your Honor, and move to strike.

Mr. Casey: The defense attorney didn't say that?

Mr. Gelman: I said he pled not guilty.

Mr. Casey: And that he meant it. That is the way we got to trial.

Mr. Gelman: I object and I move to strike.

The Court: Well, he is answering what you said about he meant it, okay.

Mr. Gelman: We object and move to strike.

The Court: Well ...

Mr. Casey: I assume I can proceed?

The Court: Whenever you say something he has a right to answer it.

Mr. Casey: He also said, well, it is a natural reaction for people to lie to the police. It is? What is that, Psychology 302? Only the guilty hide and lie, that is part of concealment. Kid walks by a cookie jar, knocks it off the table, says it wasn't me, mom, it was Charlie. Because they have something to hide they lie. That's why people lie: They are concealing things. The judge is going to tell you flight, concealment, give rise to an inference of a guilty mind. The Defendant didn't say that when he was talking to the police, it was just a natural reaction to lie. Once again the defense attorney said that to you. So everything the defense attorney said that the Defendant thought or believed is not evidence. Because it came from the defense attorney's mouth, not from the defendant's mouth. And once again you can't hold it against the Defendant and I absolutely believe—

Mr. Gelman: That is objected to again.

Mr. Casey: If he don't want to—

Mr. Gelman: Move to strike, motion for mistrial.

The Court: Denied.

■ Despite the Commonwealth's argument to the contrary, we do not believe that appellant's challenge to these statements is waived merely because counsel failed to request a prompt curative instruction. We find that defense counsel's objections, motion to strike and request for a mistrial were sufficient to preserve the issue for appeal.

■ Under the authority of the United States Constitution and Pennsylvania law, counsel is prohibited from commenting on a defendant's decision not to testify at trial. *See Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)

(fifth amendment prohibits prosecutor from commenting that defendant refused to tell his side of the story, notwithstanding state statute that allowed such comment); 42 Pa.C.S.A. § 5941 (prohibiting comment on criminal defendant's exercise of right to remain silent at trial). Permitting such comments allows the prosecutor to use a defendant's failure to take the stand as evidence against him, "which in the minds of the jurors would be indicative of guilt." *Commonwealth v. Henderson,* 456 Pa. 234, 238, 317 A.2d 288, 291 (1974). In *Henderson,* the prosecutor told the jury that all of the witnesses cooperated in the trial process by coming in to testify and "doing what they're supposed to do." He then noted that the defendant looked harmless because "he [hadn't] said a word and [was] quiet." *Id.* at 236–37, 317 A.2d 288. The court found that the statements by the prosecutor tended to indicate that the defendant had some sort of duty to testify and that because he did not testify, the jury could infer that he was guilty. *Id.* at 238, 317 A.2d 288. Other statements by prosecutors have been ruled improper because the inference of guilt was obvious. *See Commonwealth v. Brenizer,* 467 Pa. 347, 356 A.2d 784 (1976) (prosecutor delivered lengthy commentary on the possible explanations for defendant's not guilty plea); *Commonwealth v. Russo,* 283 Pa.Super. 421, 424 A.2d 536 (1980) (prosecutor challenged defendant to testify in presence of jury).

■ While the rule prohibiting comments is clear, the fact that this case falls within an exception to the rule is equally clear. A comment regarding a defendant's failure to take the witness stand is proper if it is made fairly and is not an attempt to raise an adverse inference in the mind of the jury. *Commonwealth v. Miller,* 205 Pa.Super. 297, 208 A.2d 867 (1965). In *Commonwealth v. Hess,* 378 Pa.Super. 221, 548 A.2d 582 (1988), *appeal denied,* 522 Pa. 618, 563 A.2d 887 (1989), we noted that where a comment constitutes a "fair response" to a statement made by defense counsel, no error has occurred. *Id.* 548 A.2d at 587. In *Hess,* defense counsel, in his opening to the jury, explained what the defendant would testify to at trial; however, the defendant never took the

stand. The court ruled that the prosecutor's comments regarding the fact that the defendant remained silent and was not cross-examined were justified. The *Hess* court explained:

The comments by the prosecution were advanced to counter the inaccurate statements made by appellant's counsel at the start of trial.... [W]e agree with the trial court's reasoning in refusing to exclude the prosecutor's comments: "[N]ot allowing the prosecutor to comment on this would have given the defense an unfair advantage ... To prohibit such comments would open the door for a whole new style of defense, i.e., have defense counsel say what his client is going to say but then don't call him. In other words, a way for defense to get testimony in without cross examination."

*Id.* (citations omitted).

■ In the instant case, defense counsel took it upon himself to offer reasons, not in evidence, why appellant's statements were inconsistent. Further, defense counsel mentioned appellant's plea of not guilty *first* and told the jury that appellant meant it when he entered that plea. The prosecutor responded to both of those assertions by reminding the jury that it was the defense attorney, and not appellant, who gave them that information. We believe that the prosecutor's remarks were not an attempt to raise an adverse inference in the mind of the jury,[1] but instead constituted a fair response to the statements made by defense counsel.

Case law supports our conclusion. *See Commonwealth v. Young*, 477 Pa. 212, 383 A.2d 899 (1978) (where defense counsel submits that defendant's cooperation with police was more consistent with innocence than guilt, prosecutor's reminder to jury that it was not known what defendant thought was proper); *Commonwealth v. Torres*, 329 Pa.Super. 58, 477 A.2d 1350 (1984) (defense counsel's opening statement that defendant was frightened, and that was why he fled, opened the door for prosecutor to state to jury that they did not hear that evidence from the defendant). *See also Commonwealth*

1. Indeed, the prosecutor noted in both instances that the jury was not permitted to hold appellant's silence against him in determining their verdict.

530

*v. Kahley,* 467 Pa. 272, 356 A.2d 745 (1976) (where defense counsel sought to use defendant's silence as an affirmative denial, prosecutor could comment on silence), *cert. denied,* 429 U.S. 1044, 97 S.Ct. 746, 50 L.Ed.2d 757 (1977).

Because the prosecutor's comments were designed to counter fairly those of defense counsel, we find that they were not improper under a constitutional or statutory analysis.

Appellant's next allegation of error concerns a reference made by the police detective who questioned appellant regarding Williams' murder. Again the Commonwealth argues waiver but we find none. Defense counsel's objection and request for mistrial were sufficient to preserve the issue. A request for curative instruction is not mandatory here. *See Commonwealth v. Brown,* 489 Pa. 285, 414 A.2d 70 (1980) (issue waived where no request for curative instruction *or* motion for mistrial).

The following exchange took place between the prosecutor and the detective:

Q: When you got him down to Room 07, what if anything did you tell him about—

A: I told him that we were investigating the death of Herschel Williams, also known as the Jolly Green Giant, and that I would like to interview him and would he like to take a polygraph—excuse me.

Any reference to a polygraph test which raises an inference of guilt or innocence, is inadmissible. *Commonwealth v. Camm,* 443 Pa. 253, 277 A.2d 325 (1971), *cert. denied,* 405 U.S. 1046, 92 S.Ct. 1320, 31 L.Ed.2d 589 (1972). We agree with the trial court that the detective's error was innocent and did not raise an inference as to the guilt of appellant. Further, the trial court's striking of the remark from the record and subsequent instruction to the jury regarding stricken remarks insured that no prejudice resulted. *Commonwealth v. Upchurch,* 355 Pa.Super. 425, 513 A.2d 995, appeal denied, 514 Pa. 630, 522 A.2d 558 (1986).

Appellant next asserts that it was error for a police detective to testify that he did not believe appellant was telling

the truth when he gave his statement to the detective. Defense counsel made a timely objection to the testimony and moved to strike.

On direct examination, the detective testified about the substance of the statement he elicited from appellant; on cross examination, defense counsel attempted to portray appellant as completely cooperative with the detective at the time the statement was given. On re-direct, the prosecutor asked the detective if he knew whether appellant was trying to "con" him or was cooperating with him. In response, the detective stated that he believed appellant was not telling the entire truth.

This issue is controlled by *Commonwealth v. O'Shea*, 523 Pa. 384, 567 A.2d 1023, *cert. denied*, 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 180 (1990), which holds that where a party attempts to present an incomplete and one-sided picture of a defendant's behavior, the Commonwealth is entitled to explore other possible motives for that behavior. *Id.* 567 A.2d at 1032–33. In the instant case, defense counsel attempted to present his client as cooperative, raising an inference that he was telling the truth. The defense, of course, is permitted to make such a presentation and to invite the inference; however, the Commonwealth is also permitted to respond. The detective's testimony was not improper.

Appellant also challenges the testimony of an FBI agent who related to the jury the agency's attempts to locate appellant over the previous thirteen years. The agent, who was the custodian of records for the FBI, summarized for the jury his review of records concerning appellant. His status as custodian and his method of review and testimony are all proper under the law. *See Commonwealth v. Graver*, 461 Pa. 131, 334 A.2d 667 (1975) (police records custodian permitted to list various officers' recorded observations of activities at nuisance bar).

Appellant further alleges error in the trial court's instruction regarding circumstantial evidence. We begin by noting that counsel is not entitled to the jury instruction of his

choice. *Commonwealth v. Ohle*, 503 Pa. 566, 470 A.2d 61 (1983). The wording of an instruction is vested in the broad discretion of the trial judge and is proper as long as it is adequate, accurate and clear. *Id.* 470 A.2d at 70. Here, the trial judge instructed the jury in accordance with the Pennsylvania Suggested Standard Jury Instruction § 7.02A. Upon examination of the charge as a whole, we find it was fair and proper. *Commonwealth v. Wortham*, 471 Pa. 243, 369 A.2d 1287 (1977).

▇▇▇▇▇ The next claimed error regards evidence presented at trail that allegedly concerned prior criminal activity of appellant. The prosecution elicited from various police witnesses their previous sitings of appellant in the company of the two other individuals with whom he was arrested. The witnesses also testified to seeing appellant at the victim's store and to knowing appellant by reputation and through prior contacts. None of the statements offered by the police witnesses was objected to at time of trial and the issue therefore is waived.[2] *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

▇▇▇▇▇ Lastly, we find appellant's argument that the verdict is against the weight of the evidence because it is based on circumstantial evidence meritless. While we are permitted to review a trial court's refusal to grant a new trial based on a challenge to the weight of the evidence, our task in doing so is to decide only whether the trial court abused its discretion; we do not pass on nor reevaluate the credibility of the witnesses. *Commonwealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111, 114 (1991). The fact finder is free to believe all, part or none of the evidence. *Id.* Further, a conviction based on circumstantial evidence is entirely proper. *Commonwealth v. Burns*, 409 Pa. 619, 187 A.2d 552 (1963). There was no abuse

---

**2.** We note that even if this issue had been preserved, the testimony of the officers did not reveal prior criminal activity, but merely their knowledge of appellant's identity through seeing him with others known to them or "stopping" him. *See Commonwealth v. Starks*, 484 Pa. 399, 399 A.2d 353 (1979). Further, comments regarding the victim's drug activity were elicited by the defense as well as the prosecution and cannot now form the basis of an allegation of error.

of discretion in denying appellant's motion for a new trial. We refuse to and are not permitted to second-guess the jury where ample evidence of guilt was presented. *See Murray,* 597 A.2d at 114–15.

Judgment of sentence affirmed.