622 A.2d 988

COMMONWEALTH of Pennsylvania, Appellee,

v.

Michael Edward HYNEMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 16, 1993.

Filed April 2, 1993.

416

Kathleen M. Costanza, Saul, Ewing, Remick & Saul, Philadelphia, for appellant.

Ray F. Gricar, Dist. Atty., Bellefonte, for Com., appellee.

Before McEWEN, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

The Appellant, Michael E. Hyneman, appeals the order of the Court of Common Pleas of Centre County denying his request for a new trial sought pursuant to the Post Conviction Relief Act (PCRA).[1] We reverse.

1. 42 Pa.C.S.A. § 9541 et seq. (Supp. 1992–93).

Following a jury trial held on December 20, 1988, the Appellant was found guilty of two counts of statutory rape and five counts of involuntary deviate sexual intercourse (IDSI). Post-trial motions were denied and a sentence of five to fifteen years imprisonment was imposed. An appeal was perfected to both the Superior and Supreme Courts, neither of which altered the judgment of sentence.

On October 9, 1991, the Appellant, represented by counsel other than trial counsel, filed a motion seeking post-conviction collateral relief on grounds that prior counsel was ineffective. A hearing was conducted and resulted in the PCRA court's denial of the Appellant's motion. This appeal was filed and questions:

I. WAS DEFENDANT DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DUE TO HIS TRIAL COUNSEL'S FAILURE TO OBJECT TO TESTIMONY CONCERNING DEFENDANT'S EXERCISE OF HIS RIGHT TO REMAIN SILENT?

II. WAS TRIAL COUNSEL INEFFECTIVE FOR HIS FAILURE TO INVESTIGATE AND PRODUCE AVAILABLE ALIBI WITNESSES?

III. WAS TRIAL COUNSEL INEFFECTIVE DUE TO HIS FAILURE TO CALL A CHARACTER WITNESS CONCERNING THE ALLEGED VICTIM'S POOR REPUTATION IN THE COMMUNITY FOR TRUTHFULNESS?

IV. WAS TRIAL COUNSEL INEFFECTIVE FOR HIS FAILURE TO INTERVIEW AND ADEQUATELY CROSS–EXAMINE A WITNESS FOR THE COMMONWEALTH?

It is axiomatic that in order for the Appellant to establish a claim of ineffective assistance of counsel, he must first demonstrate that the underlying claim is of arguable merit; that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate his interest; and that the commission or omission so undermined the trial that the verdict is unreliable. *Commonwealth v. Carpenter*, —

418

Pa. ——, 617 A.2d 1263, 1265 (1992). With these precepts in mind, we need only consider the first reason advanced to support the argument that trial counsel was ineffective and mandates reversal of the PCRA court's order and the grant of a new trial.

At trial, Pennsylvania State Trooper Sally Porter Brown commented upon the Appellant's silence and request for counsel after advising him of his *Miranda* rights. The substance of the complained-of remark arose in the course of the following exchange:

[Assistant District Attorney:]

Q Did you have an opportunity to talk to Michael Hyneman?

[Pennsylvania State Trooper Brown:]

A The opportunity I had to talk with Michael Hyneman was after we had brought him back to Centre County, and I had an opportunity to take him to the State Police barracks in an attempt to interview him. *At that time I had advised him of his rights, and he had indicated that he preferred not to make any statements until he consulted an attorney.* I asked him if he would be willing to give me some basic information for the police report, and he indicated he would.

Q What was that basic information that he gave you for the police report?

A Basic information would include his proper and full name, his current address, his date of birth, his social security number, height, weight, place of birth, current employer.

N.T. 12/20/88 at 116–117 (Emphasis added).[2]

██ In this jurisdiction, it is a clear violation of the accused's constitutional right against self-incrimination to make

2. The Appellant surrendered himself to Harry Louis Haas, Chief of Police of Narvon Township, Lancaster County, Pennsylvania when he learned that the Pennsylvania State Police were looking for him. N.T. 12/20/88 at 148.

The Appellant was arrested by the State Police in Lancaster County and transported to Centre County, after which he was questioned by Trooper Brown at the State Police barracks. N.T. 12/20/88 at 116 & 154.

a reference at trial to his silence while in police custody. Beginning with *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765, 766–67 (1972), our Supreme Court declared:

> *Testimonial reference to an accused's silence and his request for a lawyer at time of arrest is a constitutionally impermissible violation of the accused's Fifth Amendment right.* In *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court held that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence [at trial] or instructions by the court that such silence is evidence of guilt." Id. at 615, 85 S.Ct. at 1233.

The difference between prosecutorial use of an accused's silence at *trial* and the use of an accused's silence at time of *arrest* is, as one court stated, "infinitesimal." *Gillison v. United States,* 130 U.S.App.D.C. 215, 399 F.2d 586, 587 (1968). In both instances, the defendant's silence is exploited as evidence of guilt. As the Fifth Circuit observed, "[w]e would be naive if we failed to recognize that most laymen view an assertion of the Fifth Amendment privilege as a badge of guilt." *Walker v. United States,* 404 F.2d 900, 903 (5th Cir.1968). It is clear that "[t]he privilege against self-incrimination would be reduced to a hollow mockery if its exercise could be taken as equivalent either to a confession of guilt or a conclusive presumption of perjury." *Slochower v. Board of Higher Ed. of N.Y.,* 350 U.S. 551, 557, 76 S.Ct. 637, 641, 100 L.Ed. 692 (1956).

The Seventh Circuit in *United States v. Kroslack,* 426 F.2d 1129 (7th Cir.1970), relied on *Griffin* in concluding that testimony similar to that utilized here was inadmissible. That court said:

> "It was reversible error for the agent to testify that when the defendant was questioned he refused to make a statement. *Baker v. United States,* 5 Cir., 357 F.2d 11 (1966). Defendant had a constitutional right to refuse to make a statement until his request that a lawyer be present was met. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1964). [sic] We find little

difference between the prejudice resulting from the testimony admitted in the case before us, and a prosecutor's comment before a jury on a defendant's exercise of his constitutional right not to take the witness stand. Such comments have been held to be reversible error. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The testimony elicited here could well have led the jury to infer guilt from defendant's refusal to make the statement. We think exercise of a constitutional privilege should not incur this penalty." [Citations omitted; footnote omitted; emphasis added in part]

In *Commonwealth v. Greco*, 465 Pa. 400, 350 A.2d 826, 828 (1976), the same Court wrote:

> *The law is clear. It is reversible error to admit evidence of a defendant's silence at the time of his arrest.* The prohibition of any reference to an accused's silence reflects the court's desire that an accused not be penalized for exercising his constitutional rights. It is a recognition that most lay persons would view an assertion of the constitutional privilege as an admission of guilt. [Citations omitted; emphasis added]

See also *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *Miranda v. Arizona*, 384 U.S. 436, 468 n. 37, 86 S.Ct. 1602, 1624 n. 37, 16 L.Ed.2d 694 (1966); *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

The fact that Trooper Brown made reference to the Appellant providing general information after invoking his right to remain silent and to consult with counsel does little to dissipate the taint associated with reference to the Appellant's invocation of his constitutional rights. As much was stated by this Court, sitting en banc, in *Commonwealth v. Williams*, 252 Pa.Super. 435, 381 A.2d 1285 (1977), allocatur denied.

In *Williams*, a police officer testified that, after arrest and advisement of the Defendant's rights, the accused gave information of how he happened to be in possession of the victim's vehicle and then "he elected to remain silent." Trial counsel objected to the officer's remark and requested a mistrial. The motion was denied and no cautionary instructions were given.

In vacating the judgment of sentence and remanding for a new trial, this Court concluded that the officer's testimony, in the absence of a cautionary instruction, could not be considered harmless error. In doing so, we examined a collection of cases; to-wit:

In *Commonwealth v. Maloney,* 469 Pa. 342, 365 A.2d 1237 (1976), our Supreme Court, in a plurality opinion per EAGEN, J., held that reference to an accused's silence at the time of his arrest could be harmless error *provided* that the trial court gave adequate cautionary instructions. In particular, the Court concluded that a cautionary instruction could cure an error abridging the defendant's right to remain silent if, for example, the nature of the reference was indirect and was not exploited by the District Attorney.

In *Commonwealth v. Hinds,* 244 Pa.Super. 182, 366 A.2d 1252 (1976), our Court concluded that the trial court committed reversible error by admitting the testimony of a police officer that the defendant, charged with involuntary manslaughter, failure to stop at the scene of an accident, and failure to stop and render assistance, proffered the following statement after being warned of his *Miranda* rights: " 'I don't want to say anything until I talk to my attorney, but I will say this: I passed a car, and, when I did, the car splashed my windshield. I didn't see anything. I didn't see the girl. I didn't know that I hit her. I did stop and look.' " Id. at 190, 366 A.2d at 1256. Our Court reiterated that *Commonwealth v. Greco, supra,* prohibited *any reference* to the accused's invocation of his constitutional right to remain silent and stated that ". . . the fact that a defendant had made a voluntary statement to the police would not change our holding that testimonial reference to an accused's assertion of his rights, whether made at the time of his arrest or at some later time, is prejudicial and requires that a new trial be granted." 244 Pa.Super. [at] 191, 366 A.2d at 1257.

Finally, in *Commonwealth v. Mitchell,* 246 Pa.Super. 132, 369 A.2d 846 (1977), our Court granted a new trial because the arresting police officer gave the following testimony:

"I then asked him about the burglary at Doctors Brady, Kegel and France Offices, and he denied any knowledge of the burglary.

"I then confronted him with the lug wrench [found at the scene of the burglary] and told him that this is how I broke the case, and he immediately made recognition of the lug wrench. He said, oh, that was ripped off, stolen from my apartment sometime in April or May, along with a stereo set. He said, I have a lot of Toyota tools in my apartment. I then advised him that I had contradictory information regarding his possession of the lug wrench, and then he said he had no more to say and would commit suicide."

We stated that "[t]he right not to have one's silence used against one does not depend upon whether the right is asserted at the beginning of interrogation or later one." 246 Pa.Super. at 137, 369 A.2d at 848. We concluded that the testimony, in the absence of a cautionary instruction, could not be considered harmless error.

Reading *Greco, Maloney, Hinds,* and *Mitchell* together, we believe[d] that our appellate courts ha[d] found *any reference* to an accused's silence after arrest to be reversible error unless the trial court give a prompt and adequate cautionary instruction.

252 Pa.Super. at 444–46, 381 A.2d at 1290–91 (Emphasis in original; footnote omitted).

In light of the preceding, it cannot be gainsaid that the Appellant's claim is of arguable merit. *Commonwealth v. Humphrey,* 473 Pa. 533, 375 A.2d 717, 720 (1977). As such, we need to proceed to make inquiry into the basis for counsel's decision not to lodge an objection at trial. Id.; *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687, 695–96 (1977).

The testimony at the PCRA hearing reveals that trial counsel's failure to object was not a part of a reasonable, calculated trial strategy.[3] Contrast *Humphrey,* supra; *Com-*

3. Of necessity, this undermines the PCRA court's reliance upon *Commonwealth v. Quartman,* 253 Pa.Super. 460, 385 A.2d 429 (1978), wherein no curative instructions were requested although a motion for

*monwealth v. Quartman,* 253 Pa.Super. 460, 385 A.2d 429 (1978). Rather, he did not object to Trooper Brown's statement because he "simply didn't hear her say that." N.T. 1/13/92 at 27. This certainly cannot be equated with "some reasonable basis" designed to advance the Appellant's interest. See *Humphrey,* supra; *Commonwealth v. Russo,* 283 Pa.Super. 421, 424 A.2d 536, 537 (1980).

 In this jurisdiction, in the absence of curative instructions,[4] reference to a Defendant's silence once he/she is advised of his/her rights is "reversible error". See *Humphrey,* supra; *Greco,* supra; *Commonwealth v. Stafford,* 450 Pa. 252, 299 A.2d 590 (1973); *Haideman,* supra.

Therefore, the Appellant was prejudiced by his trial counsel's inaction. See *Humphrey,* supra; *Russo,* supra. To attempt to draw any other conclusion would be to speculate on

a mistrial was made and denied. There, counsel indicated that highlighting the objectionable testimony (by giving special instructions thereon) might reinforce the statements and their potential prejudicial impact in the jurors' minds. We agreed and declared:

> Had counsel desired curative instructions in the instant case, he could have requested them. *It is clear that counsel should likewise be permitted to request that the court not give curative instructions sua sponte. In hindsight, counsel's decision to forego curative instructions may prove to have been a tactical error; it is likewise irremediable.* In every case, it is a tactical decision to be made by defense counsel, and the rendering of an unfavorable verdict should not entitle a defendant, who did not elect to protect himself to the maximum in his first trial, to an automatic retrial.

253 Pa.Super. at 464, 385 A.2d at 431–32 (Emphasis added). *Quartman* is distinguishable from the case at bar in that trial counsel here engaged in no "tactical" decision when Trooper Brown's testimony was admitted without objection. See discussion infra. Thus, *Quartman* is not persuasive authority to hold that the Appellant is not entitled to a new trial to remedy the reversible error.

**4.** See *Commonwealth v. Blair,* 394 Pa.Super. 207, 575 A.2d 593, 599–98 n. 11 (1990), allocatur denied; *Commonwealth v. Melvin,* 378 Pa.Super. 59, 548 A.2d 275, 278 (1988), allocatur denied; *Commonwealth v. Gbur,* 327 Pa.Super. 18, 474 A.2d 1151, 1156 (1984); *Commonwealth v. Zellner,* 268 Pa.Super. 59, 407 A.2d 436, 439 (1979); *Commonwealth v. Quartman,* 253 Pa.Super. 460, 385 A.2d 429, 432 (1978).

Additionally, we would observe that "inadvertence" in eliciting the complained-of response and the absence of "exploitation" of the Defendant on the part of the prosecution do not, in the absence of a curative instruction, diminish the gravity of the error. *Gbur,* supra.

424

the matter. This we may not do. *Commonwealth v. Turner,* 499 Pa. 579, 454 A.2d 537, 540 (1982). "As we cannot be sure that the jury would have resolved the issue [of the Appellant's guilt] in the same manner absent the improper reference, we are not convinced beyond a reasonable doubt that the error did not contribute to the verdict. Far from being harmless error, the reference may well have impermissibly contributed to the verdict." Id.

Since Hyneman was denied the effective assistance of trial counsel, the order of the PCRA court denying him relief is vacated, judgment of sentence is reversed, and a new trial is granted.

Order vacated, judgment of sentence reversed, and a new trial is granted. Jurisdiction is relinquished.