J. S62035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH RHONE, | : | No. 3352 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 19, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1127472-1975

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 22, 2019**

Joseph Rhone appeals ***pro se*** from the order filed in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  After careful review, we affirm.

The factual and procedural history, as recounted by the PCRA court, is as follows:

> [Appellant] was arrested and subsequently charged in connection with the 1975 fatal shooting of Herschel Williams. After absconding for more than thirteen years, Petitioner was apprehended by the F.B.I. on October 25, 1989. On May 1, 1991, following a jury trial presided over by the Honorable Albert F. Sabo, [appellant] was convicted of first-degree murder, conspiracy, and possession of an instrument of crime.  On January 31, 1992, the trial court denied post-verdict motions and sentenced Petitioner to life imprisonment for the

murder conviction and lesser consecutive terms of imprisonment for the remaining convictions. Following a direct appeal, the Superior Court affirmed the judgment of sentence on January 27, 1993.[Footnote 2] The Pennsylvania Supreme Court denied *allocatur* on June 7, 1993.[Footnote 3]

[Footnote 2] *Commonwealth v. Rhone*, 619 A.2d 1080 (Pa.Super. 1993).

[Footnote 3] *Commonwealth v. Rhone*, 627 A.2d 731 (Pa. 1993).

On June 19, 1995, [appellant] filed his first *pro se* PCRA petition. Counsel was appointed who subsequently filed an amended petition claiming ineffective assistance of counsel. The PCRA court denied relief on October 1, 1996. On August 7, 1997, the Superior Court affirmed the PCRA court's denial of post-conviction relief.[Footnote 4] The Pennsylvania Supreme Court thereafter denied *allocatur*.[Footnote 5]

[Footnote 4] *Commonwealth v. Rhone*, 704 A.2d 695 (Pa.Super. 1997) (unpublished memorandum).

[Footnote 5] *Commonwealth v. Rhone*, 716 A.2d 1248 (Pa. 1998).

[Appellant] was subsequently unsuccessful in obtaining collateral relief through serial petitions filed in 1998, 2005, and 2007.

On July 18, 2016, [appellant] filed the instant *pro se* PCRA petition, his fifth. [Appellant] also submitted numerous supplemental filings which were reviewed jointly with his petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [appellant] was served notice of the PCRA court's intention to dismiss his petition on June 8, 2017. [Appellant] submitted responses to the Rule 907 notice on June 21 and July 24, 2017.[Footnote 6] On September 19, 2017,

> the PCRA court dismissed his PCRA petition as untimely. On October 6, 2017, the instant notice of appeal was timely filed to the Superior Court.
>
> > [Footnote 6] [Appellant] also submitted a motion for DNA testing on August 9, 2017. [Appellant]'s motion is being reviewed separately from the instant petition which seeks relief on unrelated grounds.

PCRA court opinion, 1/2/18 at 1-2. Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed its Rule 1925(a) opinion on January 2, 2018.

Appellant raises the following issues for this court's review:

> I.   Did the PCRA Court abused [sic] its discretion when it combined [a]ppellant's two PCRA petitions that were filed a year apart and dismissed both as being time-barred.
>
> II.  Is [a]ppellant entitled to an evidentary [sic] hearing to properly address the issues raised in both PCRA petitions where he did meet the time requirements of the PCRA.

Appellant's brief at 4.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and

credibility determinations supported by the record. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (***en banc***). In contrast, we review the PCRA court's legal conclusions ***de novo***. ***Id.***

Initially, appellant contends that the PCRA court abused its discretion when it combined his two PCRA petitions that were filed one year apart and dismissed both as untimely. Appellant argues that in order for the PCRA court to consider the two petitions together, appellant would have to request the PCRA court to do so pursuant to Rule 905(A) of the Pennsylvania Rules of Criminal Procedure, which provides, "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A).

Recently, in ***Commonwealth v. Montgomery***, 181 A.3d 359 (Pa.Super. 2018) (***en banc***), ***appeal denied***, 190 A.3d 1134 (Pa. 2018), this court held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." ***Id.*** at 365.

Here, appellant filed a PCRA petition on July 18, 2016. He filed a subsequent PCRA petition on July 24, 2017. In its opinion, the PCRA court considered the subsequent petition as a response to the dismissal notice

under Rule 907 of the Pennsylvania Rules of Criminal Procedure and later called it a supplemental petition. The PCRA court further stated in the opinion that it reviewed the supplemental filings jointly with the July 18, 2016 petition. (Trial court opinion, 1/2/18 at 2.) Additionally, in its opinion, the PCRA court addressed the claims raised in the July 24, 2017 petition.

It is apparent from the PCRA court opinion that the PCRA court effectively considered both PCRA opinions and disposed of them together. Based on **Montgomery**, the PCRA court was permitted to consider the July 24, 2017 petition while the July 18, 2016 petition was still pending. Appellant's reliance on Rule 905(A) is misplaced as that rule permits a court to grant leave to amend a petition but does not prohibit the consideration of more than one petition. The PCRA court did not err when it considered both petitions.

Before addressing the merits of appellant's appeal, we must determine if the PCRA court correctly determined that the petitions were untimely. All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally

- 5 -

sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on January 31, 1992. After this court affirmed, our supreme court denied appellant's petition for allowance of appeal on June 7, 1993. ***Commonwealth v. Rhone***, 627 A.2d 731 (Pa. 1993). Appellant did not seek further review with the Supreme Court of the United States. Consequently, appellant's sentence became final on September 7, 1993, after the 90-day period in which he was allowed to seek review with the Supreme Court of the United States expired.[1] ***See*** 42 Pa.C.S.A. § 9543(b)(3); U.S. Sup.Ct. R. 13(1). Appellant needed to file his PCRA petition by September 7, 1994. This petition, filed on July 18, 2016, is facially untimely. As a result, the PCRA lacked jurisdiction to review appellant's petition, unless appellant pleads and proves one of the following exceptions to the time requirement:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

---

[1] The 90th day was on September 5, 1993. However, that day was a Sunday and the next day was Labor Day, a court holiday. ***See*** 1 Pa.C.S.A. § 1908.

>    Commonwealth or the Constitution or laws of the United States;
>
>    (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>    (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. **Id.** at § 9545(b)(2).

With respect to the issue of whether the PCRA petition was untimely, appellant asserts that his petition qualifies under 42 Pa.C.S.A. 9545(b)(1)(ii) and (iii) because **Foster v. Chatman**, ___ U.S. ___, 136 S.Ct. 1737, 195 L.Ed. 2d 1 (2016), created a new constitutional right and was not decided until May 23, 2016, less than 60 days before he filed his petition. This court does not agree with his reasoning. A review of **Foster** reveals that it did not create a new constitutional right. In **Foster**, the Supreme Court of the United States determined that it had jurisdiction to review a state court's application of the doctrine of **res judicata** to bar review of an appellant's challenge under **Batson v. Kentucky**, 476 U.S. 79 (1986), which forbids peremptory jury strikes for a discriminatory purpose, because the application depended on a federal constitutional ruling. The Supreme Court of the

United States did not create or recognize a new constitutional right in *Foster*. It applied *Batson* to the facts of the case. Consequently, appellant cannot prove an exception to the PCRA timeliness requirements through *Foster* under either the newly discovered facts or constitutional rights exception.

Appellant also asserts that he meets the unknown facts exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) based on *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017). In what appellant calls his petition of July 23, 2017, and what the trial court characterized as a supplemental filing, appellant asserts that his former attorney submitted documents to him that were unavailable to him at the time of trial and would have changed the trial outcome had these documents been introduced to the jury.

The trial court disposed of this claim:

> [Appellant's] vague description of claims arising from his review of the file did not constitute an actual fact. Furthermore, even if [appellant] articulated a fact for purposes of subsection 9545(b)(1)(ii), he failed to establish that it was previously unascertainable with the exercise of due diligence. According to [appellant], Ms. Sturm had represented him from 2007 to 2017. In [an] attempt to demonstrate diligence, [appellant] concluded, without explanation, that the contents of Sturm's file were previously unascertainable in light of *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017). Contrary to [appellant's] argument, merely citing *Burton* did not satisfactorily demonstrate that the facts gleaned from his attorney's file, even if they can be construed as unknown, were undiscoverable for the last decade. Therefore, in addition to failing to articulate a fact, [appellant]

- 8 -

failed to satisfy the due-diligence prong of subsection 9545(b)(1)(ii).

Trial court opinion, 1/2/18 at 5 (citations to record omitted).

This court agrees with the trial court's sound reasoning. Therefore, we find that appellant failed to plead or prove that he met an exception to the timeliness requirements of the PCRA. As a result, appellant fails to establish that he is entitled to an evidentiary hearing to address the issues raised in the PCRA petitions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/19