626 A.2d 154

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kenneth CLARK, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 15, 1991.

Re–Submitted Jan. 22, 1991.

Decided June 2, 1993.

See also 304 Pa.Super. 586, 450 A.2d 1033.

Norris E. Gelman, Philadelphia, for appellant.

Ronald Eisenberg, Chief, Appeals Div., Gaele McLaughlin Barthold, Deputy Dist. Atty., Hugh J. Burns, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## *OPINION*

NIX, Chief Justice.

Appellant, Kenneth Clark, seeks a new trial on the grounds that trial counsel was ineffective for failing to object to the prosecutor's alleged reference to Appellant's post-arrest silence. The Court of Common Pleas of Philadelphia County found trial counsel not to be ineffective. The Superior Court affirmed 395 Pa.Super. 650, 570 A.2d 586. We are now called upon to review the Superior Court's Order.

The issue before this Court is whether trial counsel was ineffective for failing to object to the prosecutor's impermissible use of Appellant's post-arrest silence. Since Appellant's ineffectiveness claim rests solely on the post-arrest silence issue, we find it necessary to first evaluate the lower court's conclusion on the post-arrest silence issue in light of our decision in *Commonwealth v. Turner*, 499 Pa. 579, 454 A.2d 537 (1982).

This case arose out of the following factual setting. Appellant was convicted of first-degree homicide and was sentenced to a term of life imprisonment for the killing of David Carroll. Appellant appealed the judgment to the Superior Court, which affirmed. *Commonwealth v. Clark*, 304 Pa.Super. 586, 450 A.2d 1033 (1982). This Court denied allocatur on June 1, 1983.

Thereafter, Appellant filed a Post Conviction Hearing Act (P.C.H.A) petition alleging ineffectiveness on the part of trial counsel for failing to object when the prosecutor's cross-examination compelled Appellant to admit that he had made no assertion of a self-defense claim prior to trial. The trial court denied the P.C.H.A. petition. However, a panel of the Superior Court reversed and remanded to the trial court with instructions to hold an evidentiary hearing for the purpose of considering evidence of trial counsel's alleged ineffectiveness for not raising the post-arrest silence issue.

On remand, the Court of Common Pleas found that the prosecutor's cross-examination had not referred to any remarks Appellant had or had not made subsequent to his arrest, but rather, related only to Appellant's silence prior to the arrest. Thus, the trial court concluded that the prosecution's cross-examination did not violate the post-arrest silence standards established in *Commonwealth v. Turner*, 499 Pa. 579, 454 A.2d 537 (1982). A divided panel of the Superior Court affirmed the denial of the P.C.H.A. petition. We granted allocatur and this appeal followed.

The issue before this Court is whether trial counsel was ineffective for failing to object when Appellant's Fifth Amendment right against self-incrimination was allegedly violated by the prosecutor's reference to Appellant's post-arrest silence. To prove ineffectiveness of counsel, Appellant must show that his assertion is one of arguable merit, that the attorney had no reasonable basis for his action or inaction, and that the attorney's action or inaction was prejudicial to the client. *Commonwealth v. Pierce*, 515 Pa. 153, 158–59, 527 A.2d 973, 975 (1987). All three conditions are met in this case. Therefore, we find that the Appellant has established his trial counsel's ineffectiveness.

Herein, Appellant alleges that the prosecution made two distinct impermissible references to his post-arrest silence, one of which occurred during the direct-examination of a

Commonwealth witness who allegedly observed the shooting.[1] The challenged post-arrest silence violation we will address arose during the following exchange:

Q. Mr. Clark, you started running back down 19th Street, didn't you?

A. Yes I did.

Q. Started stuffing the gun back into your pants didn't you?

A. Yes.

Q. Where were you going?

A. I was going home.

Q. Did you *ever* think of telling the police what happened?

A. No.

Q. I withdraw that. Don't answer that. Withdraw that. I withdraw that question, Judge. Mr. Clark, let me ask you this: After you fired the shot, the first shot, what happened?

(N.T. 2. 165) (emphasis added).

Appellant avers that the "broadest possible coverage" is employed by use of the word "ever" and a reasonable juror could have interpreted the prosecutor's question to have referred to silence following Appellant's arrest. Appellant contends that in order to rectify that impermissible reference to his post-arrest silence, he is entitled to a new trial. Appellee argues that the prosecuting attorney's line of questioning referred only to Appellant's pre-arrest silence and not his post-arrest silence.[2] Notwithstanding the intention of the

1. Because we find Appellant's trial counsel ineffective for failing to object to the prosecutor's impermissible reference during his cross-examination of Appellant, we need not discuss this allegation.

2. Appellee also argues that Appellant's post-arrest silence issue can not be reached since Appellant's original P.C.H.A. counsel failed to raise that issue. We disagree. The trial court denied his P.C.H.A. petition and thereafter Appellant retained new counsel. Appellant's new counsel filed an appeal in the Superior Court claiming that both trial counsel and original P.C.H.A. counsel had been ineffective for failing to raise the post-arrest silence issue. The Superior Court remanded to the Court of Common Pleas for the purpose of conducting an evidentiary hearing on the issue of post-arrest silence. Prior to the commencement

questioner, the question was ambiguous regarding the specific time frame to which it was directed. The prosecutor's question was, "Did you *ever* think of telling the police what happened?" N.T. p. 2.165 (emphasis added). Webster's Dictionary defines "ever" as "through all time or at anytime." Thus it is reasonable to assume that the jury would have interpreted the prosecutor's question as embracing Appellant's post-arrest silence. The Commonwealth contends that the prosecutor's cross-examination was directed to the time between the shooting and Appellant's subsequent apprehension by the police officers. First, we consider whether there is merit to the Appellant's claim that the prosecutor made an impermissible reference to his post-arrest silence.

This Court has firmly exhibited its intention to insure that the post-arrest silence of the accused is not used to his detriment in legal proceedings. *Turner*, 499 Pa. 579, 454 A.2d 537. In *Turner*, we held that any reference to the post-arrest silence of the accused is potentially prejudicial to the accused. 499 Pa. at 585, 454 A.2d at 540. Such a reference may impermissibly contribute to the verdict and consequently warrants the granting of a new trial for the accused.[3] *Id.* *Turner* reflects this Court's concern that lay jurors may mistakenly interpret the exercise of the Fifth Amendment privilege not to incriminate oneself as an implicit admission of guilt.

In this instance, the post-arrest silence issue arose from the question "Did you *ever* think of telling the police what happened?" (emphasis added). In *Turner*, where the accused was charged in the shooting death of the victim and argued self-

of the evidentiary hearing the court and both parties agreed that there would be no issue of a waiver by the original P.C.H.A. counsel. If trial counsel was found ineffective, then the original P.C.H.A. counsel necessarily had to be ineffective by failing to assert that claim. (Commonwealth v. Clark, Nos. 1600–1603, Court of Common Pleas, Philadelphia County, P.C.H.A. Evidentiary Hearing, April 20, 1988, N.T. at 5.) Accordingly, we find Appellee's position not persuasive.

3. Although I dissented in *Turner*, because I did not believe that the alleged reference reached the level of an impermissible use of the defendant's post-arrest silence, I am now constrained to follow the reasoning of the majority in *Turner* in deciding this case.

defense, the accused was asked by the prosecutor, "Did you ever tell the police that somebody was shooting at you?" 499 Pa. at 581, 454 A.2d at 538. In *Turner*, as in the instant matter, the accused waited until trial before offering his exculpatory version of the incident. In *Turner*, this Court vacated and remanded for a new trial because we could not determine whether the prosecutor's reference to the accused's post-arrest silence contributed to the verdict; the "reasonable possibility" that the reference did influence the jury's verdict required the granting of a new trial. *Id.* at 584, 538 A.2d at 540.

Appellee argues that Appellant's post-arrest silence claim is meritless. Appellee reads *Turner* narrowly, contending that the prosecutor's reference in the instant matter went solely to the time Appellant was going home prior to Appellant's arrest. We disagree. In *Turner*, this Court held that a nearly identical[4] reference made by the prosecution was an impermissible reference to post-arrest silence of defendant. Accordingly, since the prosecutorial reference made in the instant case is the type prohibited by *Turner*, we are constrained to find Appellant has asserted a claim of arguable merit.

The second question is whether reasonable grounds existed to support Appellant's failure to object when the prosecutor referred to Appellant's post-arrest silence.[5] Since our test requires that we examine the approach pursued by trial counsel in light of the available alternatives, a finding of ineffectiveness is appropriate if we conclude that the alternatives not chosen offered a potential for success substantially greater than the tactics utilized. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 976 (1987). The alternatives must be examined only as a means of determining whether the

4. The difference is that the word "think" was used by the prosecutor in the instant matter where it was not in *Turner*. We do not see where the word "think" separates the question asked in *Turner* from that asked in the instant case.

5. Trial counsel gave no explanation as to why he failed to object and, upon scrutiny of the record, we are unable to find a reasonable basis for trial counsel's inaction.

course chosen had a reasonable basis. *Id.* at 160, 527 A.2d at 976.

In this case, the course chosen by the attorney was to remain silent in the face of an impermissible reference to his client's post-arrest silence. We acknowledge that the prosecutor withdrew his question, thereby attempting to nullify the error he committed. However, his withdrawal occurred after the Appellant admitted that he said nothing to the police regarding what occurred. Under these circumstances, the prosecutor's withdrawal of his question did not completely erase its effect on the jury, and trial counsel's inaction deprived his client of cautionary instructions from the court, at the very least.

Moreover, considering the state of the law in this Commonwealth at the time of Appellant's trial, we find that trial counsel had no reasonable basis for failing to object. In 1972, this Court held that a prosecutor's reference to the fact that the defendant had failed to tell the police that he acted in self-defense constituted prejudicial error and warranted a new trial. *Commonwealth v. Dulaney,* 449 Pa. 45, 295 A.2d 328 (1972). In *Dulaney,* the defendant was convicted of second degree murder. Testifying in his own defense at trial, the defendant argued that he stabbed the victim only after the victim threatened him and reached for his gun. *Id.* at 47, 295 A.2d at 330. During cross-examination, the prosecutor asked defendant, if he "acted out of fear or, if you want to call it self-defense," why he failed to advise the officers of that fact. *Id.* Instantly, since Appellant's trial counsel is deemed to be aware of our holdings in *Dulaney* and numerous other cases [6] which had been decided at the time of Appellant's trial, we are constrained to find no reasonable basis for trial counsel's failure to object.

Finally, we require that the defendant demonstrate how the alleged ineffectiveness prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 156, 527 A.2d 973, 975 (1987); *Common-*

6. *Commonwealth v. Easley,* 483 Pa. 337, 396 A.2d 1198 (1979); *Commonwealth v. Humphrey,* 473 Pa. 533, 375 A.2d 717 (1977); *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972).

*wealth v. Clemmons,* 505 Pa. 356, 362, 479 A.2d 955, 958 (1984); *Commonwealth v. Vogel,* 501 Pa. 314, 329, 461 A.2d 604, 612 (1983), *cert. denied,* 465 U.S. 1104, 104 S.Ct. 1603, 80 L.Ed.2d 133 (1984); *Commonwealth v. Johnson,* 490 Pa. 312, 318, 416 A.2d 485, 488 (1980). We have established that an impermissible reference to an accused's post-arrest silence constitutes reversible error unless shown to be harmless. *Commonwealth v. Turner,* 499 Pa. 579, 454 A.2d 537 (1982). *See also Commonwealth v. Easley,* 483 Pa. 337, 396 A.2d 1198 (1979); *In Re Edward L. Silverberg, et al.,* 459 Pa. 107, 327 A.2d 106 (1974); *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972). Restated, we have concluded that because of its nature, an impermissible reference to the accused's post-arrest silence is innately prejudicial.[7] In *Commonwealth v. Humphrey,* 473 Pa. 533, 375 A.2d 717 (1979), we found trial counsel to be ineffective where he failed to object to three references to the defendant's post-arrest silence. In *Humphrey* we based our finding of prejudice on federal court decisions which had held that a reference to an accused's post-arrest silence is prejudicial. *Id.* at 540, 375 A.2d at 720. Consequently, in the instant matter we find Appellant has satisfied the third prong of our ineffectiveness test.

Accordingly, since we find that trial counsel was ineffective, we reverse the Order of the Superior Court and grant a new trial.

LARSEN, J., concurs in the result.

McDERMOTT, J., did not participate in the decision of this case.

---

7. In order to determine whether an error was prejudicial or harmless, we generally perform a three-part analysis. *See Commonwealth v. Eisenhart,* 531 Pa. 103, 111, 611 A.2d 681, 685 (1992). However, in this case, there is no question that the impermissible reference to a criminal defendant's post-arrest silence is prejudicial.