## Commonwealth v. Boger

*Andrea D. Hudak, assistant district attorney,* for the Commonwealth.

*Thomas G. Mundhenk,* for defendant.

RUFE, J., *J.,* August 12, 1994—Victor M. R. Boger was found guilty by this court of driving under the influence of alcohol and a controlled substance in violation of section 3731, subsections (a)(1), (a)(2), and (a)(3) of the Motor Vehicle Code. Defendant filed post-trial motions which were denied by this court. A sentencing hearing was held on March 24, 1994 at which time the defendant raised an ineffective assistance of counsel claim and requested an evidentiary hearing on the issue. A hearing was held on June 16, 1994 and this matter is currently before the court.

Defendant claims that trial counsel was ineffective for failing to realize that the criminal information had been amended to include additional charges other than those charged in the original criminal complaint and in eliciting testimony at trial from the defendant which was instrumental in the court's determination of guilt.

During the evidentiary hearing, Roger Johnsen, Esquire, trial counsel for the defendant testified that he spoke with the arresting officer at the preliminary hearing and received a copy of the criminal complaint. Mr. Johnsen stated that at no time did the officer indicate that the defendant had been charged under section 3731, subsections (a)(2) and (a)(3), nor did the complaint reflect such charges. Mr. Johnsen believed that the defendant was charged only with driving under the influence of alcohol in violation of section 3731(a)(1).

Mr. Johnsen testified that at trial on January 31, 1994, he elicited testimony from the defendant that the defendant suffered from allergies and treated the ailment with prescription medication in the form of pills and injections. The defendant was then questioned by the assistant district attorney and the court regarding the effects of the medication. Mr. Johnsen indicated that his purpose in eliciting this testimony was to explain some of the observations of the investigating officer. At this time, defense counsel did not realize that the defendant had been charged with violating section 3731, subsections (a)(2) and (a)(3) of the Motor Vehicle Code prohibiting the operation of a vehicle while under the influence of a controlled substance or the combined influence of alcohol and a controlled substance.

This court found the defendant guilty of all violations as charged in the criminal information. At the conclusion of the trial, we indicated that the defendant's use of prescription medication was a critical factor in our decision.

Defendant filed post-trial motions which were denied by this court. However, during argument on the motion, defense counsel indicated that he did not believe the defendant was charged with section 3731, subsections (a)(2) and (a)(3). Much to the surprise of counsel, this

court pulled the criminal information sheet from the file which indicated as much. This was the first time that defense counsel was aware that his client was charged with the additional subsections. At the sentencing hearing on March 24, Thomas G. Mundhenk, defendant's current counsel, requested an evidentiary hearing on the ineffective assistance of counsel claim. A hearing was held on June 16, 1994 and we took the matter under advisement.

To prove ineffectiveness of counsel, defendant must show that his assertion is one of arguable merit, that the attorney had no reasonable basis for his action or inaction, and that the attorney's action or inaction was prejudicial to the client. *Commonwealth v. Clark,* 533 Pa. 579, 626 A.2d 154 (1993).

We believe that defendant's assertion is of arguable merit. Defense counsel was not aware of the charges brought against his client, and in fact elicited testimony from the defendant at trial which played a critical part in convicting the defendant.

Moreover, defense counsel's actions had no reasonable basis. Counsel elicited the prejudicial statements at trial in an attempt to explain defendant's ruddy complexion and bloodshot eyes. However, at the time of trial, counsel was under the mistaken belief that the defendant was only charged with driving under the influence of alcohol in violation of section 3731(a)(1). Had counsel known of the additional charges, there would be no reasonable basis in eliciting testimony which proved the Commonwealth's case and ultimately led to the conviction of his client.

Finally, counsel's failure to investigate the charges against his client unduly prejudiced the defendant. Prior to the waiver trial, Mr. Johnsen received a copy of the criminal information, signed and dated the document

and failed to read it. This information was necessary to prepare an adequate defense and avoid prejudicial surprise at trial. Counsel elicited testimony from the defendant which led to his conviction and was surprised to hear at post-trial argument that the criminal information reflected the addition of subsections (a)(2) and (a)(3) under section 3731.

In light of the foregoing we believe counsel's performance at trial to be ineffective and find that a new trial is imperative to protect the constitutional rights of the defendant. Therefore, we enter the following:

### ORDER

And now, August 12, 1994, upon consideration of the evidentiary hearing on June 16, 1994 and the submissions of the parties, it is hereby ordered and decreed that defendant's motion for a new trial is granted.