J.S17042/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN LEE JONES, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1438 WDA 2015 |

Appeal from the Judgment of Sentence May 13, 2015
in the Court of Common Pleas of Clearfield County Criminal Division
at No(s): CP-17-CR-0000843-2014

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 11, 2016**

Appellant, John Lee Jones, appeals from the judgment of sentence entered in the Clearfield County Court of Common Pleas following his convictions for weapons or implements for escape,[1] prohibited offensive weapons,[2] and disorderly conduct.[3] Appellant contends the trial court improperly denied two requests for a mistrial following a reference to Appellant's post-arrest silence by a Commonwealth witness and the Commonwealth's cross-examination of Appellant referring to his post-arrest

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 5122(a)(2).

[2] 18 Pa.C.S. § 908(a).

[3] 18 Pa.C.S. § 5503(a)(4).

silence. Appellant also argues the trial court erred by not suppressing a statement he made before *Miranda*[4] warnings were given. We affirm.

We summarize the factual and procedural background of this case as follows. Appellant is an inmate at State Correctional Facility at Houtzdale ("the prison") in Clearfield County. N.T., 3/23/15, at 17-18. On August 14, 2014, Appellant informed Michael Rowe, the unit manager, that, if Appellant was sent back to his cell, he would "bust his cellmate's head open." *Id.* at 19. Appellant informed Rowe that he had a "sock of rocks and . . . a whack," *i.e.*, a prison-made knife. *Id.* at 20. Rowe informed Captain Michael Lewis, the shift commander of the prison, of the threat, and Captain Lewis supervised the escort of Appellant into the restrictive housing unit ("RHU")[5]. *Id.* at 68-69. Prison officials searched Appellant's cell and discovered "two weapons" concealed under Appellant's mattress. *Id.* at 41-44. Specifically, a sock filled with rocks and a "marker with a wooden shank sharpened into a point" were recovered. *Id.* at 48. Captain Lewis questioned Appellant about the discovered items, and Appellant admitted they were his. *Id.* at 76. Captain Lewis contacted Trooper Justin Jones of the Pennsylvania State Police, and Trooper Jones reported to the prison,

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[5] Captain Lewis explained RHU as, "a restricted housing unit. It's . . . the higher security level housing unit, more control." N.T. at 70.

collected the weapons, and ultimately filed charges against Appellant. *Id.* at 88-89.

A jury trial was held on March 23, 2015. Appellant did not file an omnibus pretrial motion to suppress evidence. Captain Lewis offered the following testimony:

> [The Commonwealth]: And what was the nature of that conversation with [Appellant] as to [the items discovered in Appellant's bed]?
>
> A. I was questioning him about those items.
>
> &ast; &ast; &ast;
>
> Q. What did [Appellant] tell you about those items as to who they belonged to?
>
> A. He claimed ownership.
>
> Q. Meaning what?
>
> A. Meaning they said they were his.
>
> Q. He said they were his?
>
> A. Yes.

*Id.* at 76. Appellant did not object during the direct testimony of Officer Lewis.

Trooper Justin Jones of the Pennsylvania State Police testified regarding his interaction with Appellant.

> [The Commonwealth:] Are you familiar with [Appellant]?
>
> A. I am.

\*   \*   \*

Q.  Would you please describe your involvement with [Appellant]?

A.  As far as my involvement with him, I've had none.  . . . I did respond to the State Correctional Facility at Houtzdale.

Q.  Okay.

A.  But my involvement with him, he chose not to speak with me, as he's afforded.

*Id.* at 87-88.  Trooper Jones then continued to describe his investigation at the prison without objection from Appellant.  *Id.* at 88-91.  At the conclusion of Trooper Jones' cross-examination, the Commonwealth rested its case. *Id.* at 92.  The trial court dismissed the jury for lunch, and Appellant, at this time, requested suppression:

My position is that, because of the rules at the state facility, which is what I what I was trying to get the testimony from Captain Lewis to testify about, because of the rules, that you go through the unit manager to resolve problems and that [Appellant] needed to go through his unit manager to talk to the psychologist, that, and because the unit manager wanted to know what the problem was before, our position is that the unit manager wanted to know what the problem was before he would get the psychologist for my client; that this was some type of, I don't know if I want to call it, an imputed privilege or something that my client was almost forced to give the information to the unit manager in order to get counseling services and that, therefore, it was almost it was, in fact, the same as giving the information to the psychologist and, therefore, that should be confidential information and that that information should not have been divulged, that it would be privileged and protected information.

> And, therefore, any information that was obtained because of that should not be – well, should be suppressed. And Your Honor's correct, it is something that should have been in a suppression motion. I do want to raise it for the record so that it's not waived so that my client has the opportunity to bring that up on appeal if we should lose today. That was the first issue.

*Id.* at 95-96. Appellant did not invoke *Miranda* as a basis for suppression. The trial court concluded Appellant waived the issue for failure to raise it in a suppression motion. *Id.* at 97.

Appellant then requested a mistrial based on Trooper Jones' statement that Appellant chose not to speak with him. *Id.* at 98.

> [Appellant's Counsel]: . . . And I do have concern that that [reference to Appellant's silence] was brought up to the jury. So at this point, just to make sure I've covered all my bases, I do, because it was brought up in front of the jury, I didn't immediately ask for a mistrial because I didn't want to bring it to the jury's attention.
>
> I do have to ask for a mistrial at this point. That's why I asked for a sidebar after the questioning was over and we did excuse the jury for lunch, so that we didn't draw a lot of attention to it. So at this time I'm asking for a mistrial because of that statement.

*Id.* at 98-99. The trial court denied the request but offered to give a curative instruction to the jury after lunch. *Id.* at 99. Appellant declined. *Id.* at 99-100.

Appellant testified in his own defense, and during cross-examination, the following exchange occurred:

> [The Commonwealth:] That's because Mr. Rowe called and told the shift manager that you just disclosed that you had weapons in the cell and you were going to use them on your cellmate. Right?
>
> A. Actually, he told the captain that I threatened the person.
>
> Q. You threatened the person?
>
> A. That's what he said.
>
> Q. So when Hinson, the shift manager, Captain Lewis and McCullough and whoever else showed up to escort you [to RHU], did you say this is all a lie, this is a –
>
> A. I didn't say nothing.
>
> Q. You didn't say anything?
>
> A. I didn't say nothing.
>
> Q. And it's your testimony here today that when you did talk with Captain Lewis and owned up to the two items . . . the rock in sock and the Sharpie pen, sharpened, that those were yours, that's also a lie?
>
> A. No. I did tell him that.

*Id.* at 110-11. At the conclusion of cross-examination, out of the presence of the jury, Appellant requested a mistrial based on the above line of questioning. *Id.* at 114-16. Specifically, Appellant argued the Commonwealth's question about his escort to RHU "implicat[ed] his right against incriminating himself." *Id.* at 116. The trial court offered to deliver a curative instruction, and Appellant declined. *Id.* at 116-17. The trial court then denied the mistrial request. *Id.* at 117.

The jury convicted Appellant of the above crimes. On May 13, 2015, the trial court sentenced Appellant to twenty-one months' to five years' imprisonment, concurrent to all other periods of incarceration currently being served. Appellant filed a post-sentence motion on May 14, 2015 challenging, *inter alia*, the trial court's denial of his requests for a mistrial and failure to suppress a statement made by Appellant. Appellant's Post-Sentence Mot., 5/14/15, at 1-2 (unpaginated). Appellant, for the first time, argued his statement should have been suppressed because he did not receive **Miranda** warnings. The court heard argument, and after granting an extension to submit briefs, denied Appellant's motion on August 24, 2015. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925 statement.

On appeal, Appellant raises the following issues for our review.

> I. Did the [trial] court err when it denied the grant of a mistrial after Trooper Jones referenced [Appellant's] post-arrest silence?
>
> II. Did the [trial] court err when it denied the grant of a mistrial after the assistant district attorney questioned [Appellant] during cross examination regarding his post-arrest silence?
>
> III. Did the [trial] court err in failing to suppress [Appellant's] statement which was made to Captain Lewis because he was not given his **Miranda** warnings prior to making the statement when he was in custody when he was being questioned?

Appellant's Brief at 7.

In Appellant's first two issues, he argues the references to Appellant's silence made by Trooper Jones, in his direct testimony, and the Commonwealth, in its cross-examination of Appellant, violate Appellant's right against self-incrimination. Appellant's Brief at 12. Therefore, Appellant contends it was error to deny his requests for a mistrial. *Id.* at 10. The Commonwealth responds that Appellant waived these issues for failure to raise contemporaneous objections to the references. Commonwealth's Brief at 12-14, 21. Alternatively, the Commonwealth posits that both instances reference pre-arrest silence and that the trial court did not abuse its discretion because the references did not prejudice Appellant. *Id.* at 14-18, 21. We hold Appellant is not entitled to relief.

We employ the following standard of review over challenges to the denial of a mistrial:

> A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused its discretion.

*Commonwealth v. Caldwell*, 117 A.3d 763, 774 (Pa. Super. 2015) (*en banc*) (citation omitted), *appeal denied*, 126 A.3d 1282 (Pa. 2015). "[A] mistrial is not necessary where cautionary instructions are adequate to

overcome any possible prejudice." ***Commonwealth v. Johnson***, 107 A.3d 52, 77 (Pa. 2014) (citation omitted), *cert. denied*, 136 S. Ct. 43 (2015).

This Court has "long held that failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal." ***Commonwealth v. Thoeun Than***, 64 A.3d 704, 713 (Pa. Super. 2013) (internal quotation marks, citation, and alteration omitted). "The purpose of contemporaneous objection requirements respecting trial-related issues is to allow the court to take corrective measures and, thereby, to conserve limited judicial resources." ***Commonwealth v. Sanchez***, 36 A.3d 24, 42 (Pa. 2011) (citation omitted).

This Court has recognized:

> We would be naïve if we failed to recognize that most laymen view an assertion of the Fifth Amendment privilege as a badge of guilt. It is clear that the privilege against self-incrimination would be reduced to a hollow mockery if its exercise could be taken as equivalent either to a confession of guilt or a conclusive presumption of perjury.

***Commonwealth v. Kuder***, 62 A.3d 1038, 1050 (Pa. Super. 2013), *appeal denied*, 114 A.3d 416 (2013) (internal quotation marks, alterations, and citations omitted). "[A]n impermissible reference to the accused's post-arrest silence is innately prejudicial." ***Id.*** at 1052 (citing ***Commonwealth v. Clark***, 626 A.2d 154, 158 (Pa. 1993)). However, such references are subject to harmless error analyses. ***See id.*** Similarly, an impermissible

reference to pre-arrest silence is also subject to harmless-error analysis.

*See Commonwealth v. Adams*, 39 A.3d 310, 321 (Pa. Super. 2012).

> An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict. If there is a reasonable probability that the error may have contributed to the verdict, it is not harmless. In reaching that conclusion, the reviewing court will find an error harmless where the uncontradicted evidence of guilt is so overwhelming, so that by comparison, the error is insignificant.

*Kuder*, 62 A.3d at 1052 (citation omitted).

In the instant case, Appellant did not move for a mistrial at the time of the objected to testimony but instead waited until the conclusion of each witness' testimony. N.T. at 98, 114. However, in both instances, the trial court entertained Appellant's argument for a mistrial and proposed a corrective measure. *See id.* at 98-100, 114-17. Therefore, we decline to conclude Appellant waived these issues based on the failure to contemporaneously object because the trial court considered the alleged errors and had the ability to take corrective measures at that time. *See Thoeun Than*, 64 A.3d at 713; *Sanchez*, 36 A.3d at 42. *But see Commonwealth v. Gumby*, 580 A.2d 1110, 1115 (Pa. Super. 1990) (agreeing with the trial court that defendant waived objection to a reference to silence by not objecting until after witness had been cross-examined and excused).

Assuming, *arguendo*, the references to Appellant's silence constituted error, we conclude any error was harmless. Appellant admitted to Rowe that he intended to "bust his cellmate's head open" and described the weapons he had to accomplish that end. N.T. at 19-20. A search of Appellant's bed revealed he possessed the sock filled with rocks and the prison-made knife. *Id.* at 41-44. Moreover, in his testimony, Appellant acknowledged that he told Captain Lewis that the recovered items were his. *Id.* at 111. Accordingly, Appellant cannot claim that the references to his silence resulted in the deprivation of a fair and impartial trial where the evidence demonstrated that he admitted the weapons belonged to him. *See Caldwell*, 117 A.3d at 774; *Kuder*, 63 A.3d at 1052. In light of the evidence, we conclude beyond a reasonable doubt that the references to Appellant's silence did not contribute to the verdict, and the trial court did not abuse its discretion in denying Appellant's requests for a mistrial.[6] *Kuder*, 63 A.3d at 1052; *Caldwell*, 117 A.3d at 774.

Next, Appellant argues the trial court erred by not suppressing the statement he made to Captain Lewis. Appellant's Brief at 13. Appellant reasons "[t]here is no indication that [Appellant] was given his *Miranda* warnings prior to being interviewed by Captain Lewis." *Id.* Therefore, the

---

[6] We further observe the trial court offered curative instructions following each reference, which Appellant declined. Though we conclude the references were harmless error, Appellant could have attempted to cure any perceived prejudice by accepting the trial court's offer to give the curative instructions. *See Johnson*, 107 A.3d at 77 (Pa. 2014).

- 11 -

statement "should have been suppressed." *Id.* at 14. The Commonwealth responds that Appellant has waived this issue. Commonwealth's Brief at 23. For the following reasons, we agree this issue is waived.

Pennsylvania Rule of Criminal Procedure 581 provides:

> **Rule 581. Suppression of Evidence**
>
> (A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.
>
> (B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. **If a timely motion is not made hereunder, the issue of suppression of evidence shall be deemed waived.**

Pa.R.Crim.P 581(A)-(B) (emphasis added).

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). . . . Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court.

*Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014) (citation omitted).

Instantly, Appellant did not file a pre-trial motion to suppress evidence. Further, after the Commonwealth rested its case, Appellant sought suppression of evidence based on a theory of "imputed privilege" between Appellant and the unit manager, Rowe. N.T. at 95; *see also* 42

Pa.C.S. § 5944 (Confidential communications to psychiatrists or licensed psychologists). At the time, Appellant conceded, "it is something that should have been in a suppression motion." *Id.* at 96. Appellant did not present the instant theory for suppression to the trial court until his post-sentence motion. *See* Appellant's Post-sentence Mot. at 1. Therefore, we conclude Appellant has waived review of this issue for failure to file a suppression motion, and we decline to review a legal theory that was not properly preserved in the trial court. *See* Pa.R.Crim.P 581(B); *Lincoln*, 87 A.3d at 610. Based on the foregoing, we conclude all of Appellant's issues are either without merit or waived, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016

- 13 -