J-S38045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERINN HOWARTH :
:
Appellant : No. 2301 EDA 2018

Appeal from the Judgment of Sentence Entered July 3, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007376-2016

BEFORE: OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 11, 2019**

Appellant, Erinn Howarth, appeals from the judgment of sentence imposed after a jury found her guilty of robbery, aggravated assault, burglary, firearms not to be carried without a license, and conspiracy to commit burglary.[1]  We affirm.

The facts underlying this appeal are as follows:

On August 23, 2016, a robbery occurred at the home of Dennis McCarthy.  McCarthy's adult daughter, Beth Anne McCarthy, also lived at the home; Ms. McCarthy returned home at her usual hour, only to open the door and be bludgeoned.  The perpetrators then proceeded to bind Ms. McCarthy with electrical cords, including one around her neck, and left her bleeding on a bedroom floor.  The second victim, the seventy-five-year-old Mr. McCarthy, was held at gunpoint and bound, just hours after returning home from a month-long stay in the hospital for broken ribs and a punctured lung.  Mr. McCarthy was able to partially free himself from his

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(i), 2702(a)(1), 3502(a)(1), 6106(a)(1), and 903, respectively.

---

* Retired Senior Judge assigned to the Superior Court.

bindings and crawl into the adjacent bedroom to his daughter. The burglars saw him and retied his binds. They later took every telephone in the home so the two could not call for help. The burglars removed the safe from the home, along with other belongings, and left their victims helpless. The homeowner was able to free himself once he believed the burglars had left; he crawled outside and was eventually able to summon help from a neighbor. He and his daughter were taken to the hospital, where he was released the same night, though his daughter would remain for nine (9) days. She continues to suffer a stutter, brain damage, and neuropathy from her bindings resulting in a limp.

Trial Court Opinion at 2-3 (not paginated) (citations to the record omitted).

Appellant was charged with various offenses the day after the incident. Also charged related to the incident was Ricardo Johnson, Appellant's boyfriend, but Mr. Johnson entered a guilty plea and agreed to testify against Appellant. A two-day jury trial was held on April 25 and 26, 2018; Appellant did not testify or present evidence at trial. At the conclusion of trial, the jury found Appellant guilty of the above-identified offenses.[2] On July 3, 2018, the trial court sentenced Appellant to an aggregate term of imprisonment of 20 to

---

[2] Appellant was found not guilty of possession of an instrument of a crime, 18 Pa.C.S. § 907(a), conspiracy to commit robbery, and conspiracy to commit aggravated assault.

40 years.[3]  Appellant filed a post-sentence motion, which was denied on July 13, 2018.  This timely appeal followed.[4]

Appellant presents the following issue on appeal:

Whether the trial court erred in the failure to grant a mistrial by [Appellant] following a direct breach of [Appellant's] right to silence under the Fifth Amendment of the United States Constitution and Article 1 Section [9] of the Pennsylvania Constitution.

Appellant's Brief at 4 (unnecessary capitalization omitted).

Our review of a trial court's decision granting or denying a mistrial is limited to determining whether a trial court abused its discretion. *Commonwealth v. Smith*, 131 A.3d 467, 474-75 (Pa. 2015).  "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will."  *Commonwealth v. Frein*, 206 A.3d 1049, 1072 (Pa. 2019) (citation and internal quotation marks omitted).  Our Supreme Court has recognized that a mistrial is an "extreme remedy," *Commonwealth v. Travaglia*, 28 A.3d 868, 879 (Pa. 2011), and as such

---

[3] Appellant received a sentence to 78 to 156 months on the robbery offense, 84 to 168 months on the aggravated assault offense, 42 to 84 months on the burglary offense, 36 to 72 months on the firearm offense, and 9 to 18 months on the conspiracy offense.  The robbery, aggravated assault, burglary, and firearm offense sentences were each imposed consecutively, while the conspiracy sentence was imposed concurrently to the firearms offense.

[4] Appellant filed her Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on October 1, 2018.  The trial court issued its opinion on November 27, 2018.

"may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Commonwealth v. Johnson*, 107 A.3d 52, 77 (Pa. 2014) (citation omitted). "Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice." *Id.* (citation omitted).

"Both the Fifth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution protect an individual's right not to be compelled to be a witness against himself." *Commonwealth v. Adams*, 39 A.3d 310, 316 (Pa. Super. 2012), *aff'd,* 104 A.3d 511 (Pa. 2014). "The accused in a criminal proceeding has a legitimate expectation that no penalty will attach to the lawful exercise of his constitutional right to remain silent." *Commonwealth v. Mitchell*, 839 A.2d 202, 212 (Pa. 2003). Our Supreme Court "has been consistent in prohibiting the post-arrest silence of an accused to be used to his detriment." *Id.* at 213; *see also Commonwealth v. Moury*, 992 A.2d 162, 176 (Pa. Super. 2010). Even where reference is made to the defendant's post-arrest silence, however, the effect of the reference may still be cured through prompt and adequate cautionary instructions to the jury. *Moury*, 992 A.2d at 176.

The comment at issue in this case took place during the cross-examination of Detective Anthony Ruggieri of the Delaware County District Attorney's Office, who was present when a search warrant was executed at Mr. Johnson's house; Appellant, who also resided at the house, was discovered

- 4 -

by police during the search hiding in an adjoining garage. Detective Ruggieri also interviewed Mr. Johnson on at least two occasions following the search. During the cross-examination, Appellant's counsel asked Detective Ruggieri whether he had interviewed Mr. Johnson's mother and sister, who were present at the house during the search, regarding Mr. Johnson's or Appellant's whereabouts between the time of the burglary and when the police arrived to perform the search. N.T., 4/26/18, at 52. Detective Ruggieri responded that he did not attempt to interview Mr. Johnson's mother and sister. *Id.* The following exchange then took place:

> [Counsel:] And so, again, there are people who could fill some holes for us and say that either [Appellant] came back with Mr. Johnson or she was there the whole time, correct? They could be neutral. They're not connected to this case, they're not charged in this case, correct? They could give us that information?
>
> [Detective Ruggieri:] Yes.
>
> [Counsel:] Okay.
>
> [Detective Ruggieri:] Just as well as your client could have.

*Id.* at 53.

Appellant's counsel immediately objected and moved for a mistrial. *Id.* The trial court then recessed the jury and heard oral argument from counsel. *Id.* at 54-58. The trial court determined that, in light of the fact that the comment regarding Appellant's silence was isolated and not elicited by the Commonwealth, a mistrial was not warranted and that instead the court would issue a cautionary instruction and an additional charge during the final instruction. *Id.* at 58-60. After recalling the jury, the trial court instructed

the jury that they were to disregard the above-quoted exchange between Appellant's counsel and Detective Ruggieri. *Id.* at 63-64. The trial court stated that Appellant enjoyed an absolute constitutional right to remain silent and therefore the jury should not draw an inference of guilt or other adverse inference based upon the fact that Appellant did not provide any information to Detective Ruggieri.[5] *Id.* at 64. In addition, during the final instruction, the trial court reiterated the cautionary instruction and further stated that Appellant is presumed innocent and she was not required to testify at trial. *Id.* at 479-80, 482.

Initially, we observe that Detective Ruggieri's statement clearly referenced the fact that Appellant did not provide information to investigators regarding the burglary of the McCarthy home. While Detective Ruggieri's comment did not specifically reference Appellant's failure to volunteer

_____

[5] The trial court instructed the jury in full as follows:

> Ladies and gentlemen of the jury, . . . you heard testimony from Detective Ruggieri regarding information that the detective did or did not receive from [Appellant]. You are to disregard this portion of the testimony as this has no bearing or relevance and you are not to consider it in this case. [Appellant] is under no obligation to give any information or not give information to detectives and, again, you are not to consider this in this case at all. [Appellant] has an absolute right founded on the Constitutions of the United States and the Commonwealth of Pennsylvania to remain silent, a constitutional right we all enjoy. You must not draw any inference of guilt or any other inference adverse to [Appellant] from the fact that she did not provide any information and exercised the constitutional right and protection universal to each and every one of us.

N.T., 4/26/18, at 63-64.

information to investigators **after** her arrest as opposed to her pre-arrest conduct which is not afforded the same protection, it is reasonable to assume that the jury would have interpreted Detective Ruggieri's testimony as referring to Appellant's post-arrest silence in light of the fact that Appellant did not appear to have contact with police until after she was arrested. *Cf. Mitchell*, 839 A.2d at 214 (holding that prosecutor's ambiguous question regarding the defendant's failure to previously identify who had committed the murders for which he had been accused without any clear reference to a time frame raised an inference that the question related to both the defendant's pre-arrest and post-arrest silence); *Commonwealth v. Clark*, 626 A.2d 154, 156 (Pa. 1993) (holding that jury would reasonably assume that a prosecutor's open-ended question to defendant regarding statements to police embraced the defendant's post-arrest silence).

Nevertheless, even when an impermissible reference to an accused's silence is made, a mistrial may be avoided where a prompt and adequate cautionary instruction is given. *Moury*, 992 A.2d at 176. In evaluating whether cautionary instructions can cure a reference to an accused's post-arrest silence, four factors must be considered: (1) the nature of the reference to the accused's silence; (2) how it was elicited; (3) whether the prosecutor exploited it; and (4) the promptness and adequacy of the cautionary instruction. *Id.*

Each of these factors weighs in favor of a conclusion that the cautionary instructions were sufficient to overcome the prejudice from Detective

Ruggieri's comment and ensure that Appellant received a fair trial. First, Detective Ruggieri's reference to Appellant's post-arrest silence was brief and vague, not identifying any specific instance when she was questioned or any specific information investigators sought from her. Second, the prosecutor had no role in eliciting the reference to Appellant's silence as it occurred during Appellant's counsel's cross-examination of the witness. Third, the prosecutor did not exploit the reference in her examination of Detective Ruggieri or in closing arguments and, in fact, suggested to the trial court that cautionary instructions be given immediately and during the final instruction. N.T., 4/26/18, at 58-59. Finally, the cautionary instruction occurred immediately upon the jury's return to the courtroom and the instruction adequately addressed the harm by asking the jury to disregard Detective Ruggieri's comment and reminding the jury of Appellant's constitutional right to remain silent and that no inference may be drawn from her decision to exercise that right.

In sum, because the reference to Appellant's post-arrest silence was brief, not elicited or exploited by the prosecutor, and the trial court promptly issued the cautionary instruction, we conclude that any prejudice was cured by the instruction. *See Moury*, 992 A.2d at 177 (holding that police officer's testimony that defendant invoked his right to an attorney and did not want to talk to the police was cured by prompt cautionary instruction "[g]iven the limited reference to [the defendant's] initial decision to have an attorney present" and where the comment was not purposefully elicited or exploited by

the Commonwealth); ***Commonwealth v. Anderjack***, 413 A.2d 693, 698-700 (Pa. Super. 1979) (holding that a prompt cautionary instruction overcame any prejudice resulting from police officer's testimony that defendant refused to sign a waiver form and speak with the police because the reference was an "implicit rather than explicit statement that [the defendant] had chosen to remain silent," defense counsel elicited the reference, and the prosecutor did not exploit it).

Even if we were to find that the trial court's cautionary instruction did not cure the prejudice to Appellant, we would conclude that any error associated with the reference to Appellant's post-arrest silence was harmless because the Commonwealth presented overwhelming evidence of Appellant's guilt at trial.

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. The Commonwealth has the burden of proving harmless error beyond a reasonable doubt.

***Commonwealth v. Radecki***, 180 A.3d 441, 461 (Pa. Super. 2018) (citations and quotation marks omitted; some formatting).

At trial, Maura McCarthy, another of Mr. McCarthy's adult daughters, testified that Appellant, who had previously worked for and been in an intimate relationship with Mr. McCarthy, stopped by the house between noon and 3 pm

on August 23, 2016, the date of the burglary, to retrieve a bikini that she had left at the house. N.T., 4/25/18, at 49-52, 55, 66, 84-85. Maura McCarthy gave the bikini to Appellant who placed it in her backpack and left. *Id.* at 52-54. After the burglary, Maura McCarthy found the same backpack, containing the bikini and a cell phone, in an upstairs bedroom of Mr. McCarthy's home. *Id.* at 58-61. The cell phone contained various selfie photographs of Appellant and numerous text messages showing Appellant planning the burglary with Mr. Johnson and other individuals. N.T., 4/26/18, at 25-42. Location data extracted from the phone showed that it was at Mr. McCarthy's house at 5:09 pm on August 23, 2016, the time that the burglary occurred. N.T., 4/25/18, at 94, 234; N.T., 4/26/18, at 21. A retired police officer who lived in an apartment building next to Mr. McCarthy's house testified that he saw Appellant and a thin black man walking down a shared driveway between the buildings at 5:35 pm on that same day; Appellant was wearing striped leggings, an article of clothing that Mr. McCarthy also identified one of the burglars as wearing. N.T., 4/25/18, at 32-36, 93. Further, Mr. Johnson testified that he and Appellant planned and carried out the burglary; Mr. Johnson stated that, during the burglary, Appellant repeatedly hit Ms. McCarthy in the head with a gun and kicked her, believing that Ms. McCarthy had recognized her. *Id.* at 239-63. Mr. Johnson testified that he mistakenly left Appellant's backpack, with her phone inside, at Mr. McCarthy's house. *Id.* at 265, 268. Police executed a search warrant at Mr. Johnson's house on the

day after the burglary and discovered Mr. McCarthy's safe and other personal property taken during the burglary. ***Id.*** at 204-16.

Because the properly admitted and uncontroverted evidence adduced at trial overwhelmingly demonstrated Appellant's guilt, the trial court's decision to issue a cautionary instruction and not to grant a mistrial following Detective Ruggieri's single, unsolicited reference to Appellant's post-arrest silence would not amount to more than harmless error. ***See Moury***, 992 A.2d at 177-78. Based on the foregoing, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judge Ott joins the Memorandum.

Judge Dubow Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/11/19