J-S64045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN FISCHERE, | : | |
| | : | |
| Appellant. | : | No. 224 EDA 2018 |

Appeal from the PCRA Order, December 14, 2017,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0002523-2009.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 27, 2019**

Stephen Fischere appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  For the reasons that follow, we affirm.

In 2009, Fischere severally beat his girlfriend's young son.  While the boy was still barely breathing, he called 911.  Police and emergency medical technicians (EMT) arrived and attempted to revive the boy, but to no avail.

Officers then questioned Fischere about the incident, and he told them that the boy had fallen down the basement steps.

The EMTs rushed the child to the hospital.  The nurses and treating physicians could not save him.  Medical personnel informed investigators that Fischere's "he-fell-down-the-stairs" story did not comport with the severity of

the boy's injuries, because a person so young would not likely die from such a fall.

Police returned to the scene of the crime and confronted Fischere with this new information. He refused a second interview without an attorney.

An autopsy revealed severe damage to the child's internal organs and vertebrae. Also, the medical examiner's office concluded that many of the bruises were one to four hours old. Officers then arrested Fischere and charged him with murder,[1] aggravated assault,[2] and endangering the welfare of a child.[3]

At the jury trial, the Office of the Medical Examiner of Delaware County, the hospital personnel, and the boy's pediatrician, all opined that the boy's injuries were consistent with physical abuse. The pediatrician also testified that the child had consistently presented unexplained bruising in the months leading up to his death. As a result, the doctor had him tested for a bruising disorder, just a few days before he died. That test came back negative.

The jury convicted Fischere of aggravated assault and endangering the welfare of a child. However, it acquitted him as to all degrees of murder. The

---

[1] 18 Pa.C.S.A. § 2502(a),(c).

[2] 18 Pa.C.S.A. § 2705(a)(1).

[3] 18 Pa.C.S.A. § 4304(a)(1).

trial court sentenced Fischere to a prison term of 10 to 20 years.  He filed an appeal, and this Court affirmed.[4]

Fischere filed a PCRA petition in March of 2014.  The court of common pleas denied relief in December of 2016.  This appeal followed.

Fischere identifies three issues in his appellate brief.  They are:

1.  Was Trial Counsel rendered ineffective . . . by making promises to the jury in his opening statement that Fischere would testify, but then ultimately not calling Fischere to the stand?

2.  Was Trial Counsel ineffective for continuing his line of questioning, after specific warnings from the trial judge that continuing such questioning would open the door to Fischere's **post**-arrest silence being presented to the jury?

3.  Was Trial Counsel ineffective in not properly and fully advising Fischere of his Fifth Amendment rights, specifically, by not informing Fischere that his earlier line of questioning had opened the door to possible harmful testimony, therefore rendering Fischere's waiver of his right to testify not knowing or intelligent?

Fischere's Brief at 3 (emphasis added).

We will consolidate Fischere's first two appellate issues.  The first issue claims ineffectiveness, because trial counsel promised the jury Fischere would testify, but that trial strategy later changed.  The second issue challenges trial counsel's decision to question a witness about Fischere's cooperation with the

---

[4] **See Commonwealth v. Fischere**, 70 A.3d 1270 (Pa. Super. 2013) (*en banc*).

police, despite counsel knowing it would open the door to other harmful evidence if Fischere testified.

In reviewing a PCRA Court's ruling:

> our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

To obtain relief under the PCRA, if trial counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v.*

*Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts rise to the level of arguable merit is a legal determination.'" *Id.* (citing *Commonwealth v. Saranchak*, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness, if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. *Commonwealth v. Collins*, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted). A petitioner asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized." *Commonwealth v. Clark*, 626 A.2d 154, 157 (Pa. 1993). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts counsel may have taken." *Stewart*, 84 A.3d at 707. A PCRA petitioner is not entitled to post-conviction relief simply because a chosen strategy was unsuccessful. *Commonwealth v. Buksa*, 655 A.2d 576, 582 (Pa. Super. 1995).

As to the third prong of the ineffectiveness test, prejudice is established "if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Stewart*, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine confidence in

the outcome.'" ***Id.*** (quoting ***Commonwealth v. Rathfon***, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead, if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995).

We find no reversible error by the PCRA Court, because, as this Court noted on Fischere's direct appeal, evidence of Fischere's pre-arrest silence would have been admissible to impeach him had he taken the stand to testify on his own behalf. ***See Commonwealth v. Fischere***, 70 A.3d 1270, 1276 (Pa. Super. 2013) (*en banc*) ("[W]hen a criminal defendant waives his right to remain silent and testifies at his own trial, neither the United States nor the Pennsylvania Constitution prohibit a prosecutor from impeaching a defendant's credibility by referring to his pre-arrest silence") (internal quotation marks omitted). Regardless of how trial counsel cross-examined the detective, Fischere's pre-arrest silence would have been fair game had he waived his right to remain silent and testified at trial.

Likewise, Fischere cannot show he was prejudiced by counsel's failing to deliver on the promise that the jury would hear from Fischere at trial. The jury heard Fischere's version of events through the playing of Fischere's statement to police, and Fischere identified no additional information that would have been offered had he testified.

Further, Fischere acknowledged that counsel made "a great argument" during his closing that, although he had intended to call Fischere as a witness, he decided he did not have to because the Commonwealth did not prove its case. N.T. PCRA Hearing, 9/14/17, at 50-51, 62-63. Fischere's bald assertion that the unfulfilled promise "undoubtedly affected the proceedings in an irreparable manner," Fischere's brief at 12, is insufficient to establish his right to relief. *See*, *e.g.*, ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012).

Additionally, the evidence against Fischere was overwhelming. The deceased boy's pediatrician testified to a pattern of physical abuse for several months leading up to his death. From this, the jury could have reasonably inferred that Fischere had repeatedly beaten the child, but, this time, he went too far. And, on the night of the killing, the medical professionals at the hospital immediately suspected foul play, rather than an accident as Fischere had first reported to police. Finally, the county's medical examiner conducted an autopsy that produced evidence of excessive, blunt-force trauma, inconsistent with a fall down a flight of stairs and failed CPR attempts.

We do not see how the opening statement by Fischere's trial counsel that Fischere would not "hide behind his right to remain silent" adds up to much in the face of all that damning evidence. N.T., 7/19/10, at 45. Nor do we see how Fischere telling his version of events would have disproved all of the medical and scientific opinions against him. Even if the defense attorney had not made that statement and even if Fischere testified, the jury would have still very likely convicted him of an aggravated assault and endangering the welfare of a child.

Accordingly, we conclude that Fischere suffered no prejudice, even if counsel was ineffective. Thus, no relief is due on either of his first, two appellate issues.

We now turn to Fischere's third and final claim of error – i.e., whether counsel was "ineffective in not properly and fully advising [Fischere] of his Fifth Amendment rights, specifically, by not informing [him] that his earlier line of questioning had opened the door to possible harmful testimony, therefore rendering [Fischere's] waiver of his right to testify not knowing or intelligent[.]" Fischere's brief at 4.

To demonstrate that there is arguable merit to his claim that counsel's poor advice rendered his waiver of his right to testify unintelligent, Fischere must show either that counsel interfered with Fischere's freedom to testify, or that "counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf." *Commonwealth v. Todd*, 820 A.2d 707, 711 (Pa. Super. 2003) (internal

quotation marks omitted). To establish prejudice, Fischere must show that "the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand." *Commonwealth v. Walker*, 110 A.3d 1000, 1005 (Pa. Super. 2015) (emphasis omitted).

Fischere has shown neither arguable merit nor prejudice. Fischere paradoxically claims that, based upon counsel's promise to the jury during opening statements to call him to testify, he "had no choice but to testify, despite ultimately being convinced by trial counsel to remain silent." Fischere's brief at 9. Clearly Fischere did have a choice, as this is not a situation in which counsel refused to call him as a witness. *Cf. Commonwealth v. Neal*, 618 A.2d 438, 440 (Pa. Super. 1992) (affirming grant of a new trial where counsel did not inform the defendant of his right to testify). The record shows that Fischere was advised of his rights, the implications of a decision to take the stand was made plain to him on the record, and he opted not to testify. *See* N.T. Trial, 7/26/10, at 11-16.

There is no support for a finding that bad advice from counsel concerning Fischere's rights rendered his decision unknowing or unintelligent. He chose to remain silent, because he could have been impeached by his pre-arrest silence if he testified. *See* Fischere's brief at 17. Fischere contends this predicament arose because counsel opened the door to the impeachment evidence when he chose to cross-examine the police detective. *Id.* However,

as previously explained, if Fischere had testified, the Commonwealth would have been able to impeach him with his pre-arrest silence, regardless of trial counsel's tactics.  **See Fischere**, **supra** at 1276.

As such, Fischere cannot establish that counsel's advice to remain silent was unreasonable.  He also cannot show his decision in the waiver proceeding would have been different had counsel given him accurate advice about the implications of testifying.  Fischere's third issue therefore warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/19